FRANK DUNKIN v. STATE.

No. A-8275.   Feb. 5, 1932.
(7 Pac. [2d] 912.)

J. M. Springer, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of the crime of perjury, and sentenced to serve a term of 12 years in the state penitentiary at McAlester, and appeals.

The defendant has assigned several errors alleged to have been committed by the trial court; his third assignment being:

"The court erred by overruling demurrer of the defendant to the amended information upon which he was placed on trial."

The information has been carefully studied, and, without lengthening this opinion by setting out said information, we hold it charged sufficient facts to advise the defendant of the charge against him, and the demurrer of the defendant was properly overruled.

It is further urged by the defendant that the testi-

mony is insufficient to sustain the verdict of the jury upon the charges filed against the defendant. The crime of perjury is defined in section 1628, C. O. S. 1921, as follows:

"Any person who, having taken an oath that he will testify, declare, depose or certify truly before any competent tribunal, officer, or person, in any of the cases in which such an oath may by law be administered, willfully and contrary to such oath, states any material matter which he knows to be false, is guilty of perjury."

Section 2726, Comp. Stat. 1921 is as follows:

"In cases of perjury, where the perjury is charged to have been committed in a court, it shall be sufficient to show that the oath was administered by an officer of the court authorized so to do, or that the defendant testified and gave his testimony as under oath, or if the question be in doubt as to what particular officer administered the oath, it may be shown that it was administered by any officer authorized so to do."

One of the important things to be established where a defendant is being tried on a charge of perjury is that an oath was administered, and the false testimony given by the defendant under oath, and that the oath was administered by some officer having authority to administer the oath. There is no testimony showing that the defendant in this case was sworn before he gave testimony in the case of State of Oklahoma v. Frank Dunkin and Cynthia Bower, alleged to have been false.

It is not deemed necessary to consider the other errors assigned by the defendant, for the reason that the state failed to prove the defendant was under oath when it alleges he gave false testimony.

The case is reversed.

EDWARDS and CHAPPELL, JJ., concur.