## BEHRLE v. UNITED STATES.
### No. 7118.

United States Court of Appeals for the District of Columbia.
Argued Oct. 4, 1938.

Decided Nov. 7, 1938.

John Edgar Chadwick and J. Frank O'Brien, both of Washington, D. C., for appellant.

David A. Pine, U. S. Atty., and Roger Robb and Allen J. Krouse, Asst. U. S. Attys., all of Washington, D. C.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

## PER CURIAM.

This is an appeal from a judgment of conviction on an indictment for perjury. On the night of July 20, 1936, Joseph E.

---

O'Brien was shot and seriously wounded on the streets of Washington. Appellant declared that he had witnessed the shooting, and four days later he made a written statement to the police, in which he described the event and named the persons who had participated. On November 17, 1936, he testified before the grand jury and fully substantiated all his former statements. On December 8th he was called to testify as a government witness in the criminal trial of several men who were charged with shooting O'Brien. On the stand he denied having seen anything happen; and when shown his signed statement, he admitted his signature, but said he did not know the contents; and when the statement was read to him, he said he did not remember whether any of the events described in it happened or not. On his trial for perjury he did not testify, and the grounds of error urged in his behalf on this appeal are:

1. An alleged improper statement by the district attorney in his opening address to the jury;

2. That the court erroneously admitted evidence of separate and distinct offenses;

3. That there was insufficient proof of perjury to go to the jury; and

4. That the sentence was erroneously imposed under the District of Columbia perjury statute (D.C.Code 1929, T. 6, § 131) and not under the Federal statute (Cr. Code § 125, 18 U.S.C.A. § 231).

We think none of these contentions substantial.

First. The shooting of O'Brien resulted from gang warfare between two rival groups of bootleggers. Appellant belonged to one group, and in his written statement to the police he described the events leading up to the shooting. On appellant's trial for perjury, the district attorney, in opening the case, told the jury that he would show that appellant's recantation was induced either by fear of reprisal from the other group or by some other influence brought to bear upon him between the time he made the statement and the time he took the stand in the court room. We see no objection to the words of the district attorney. The evidence which he promised to submit to the jury was necessary to show a motive for the repudiation by appellant of his former statement. In the nature of things, when the witness was examined and in answer to questions regarding matters about which he had given detailed information replied "I don't remember," it was incumbent upon the district attorney to show to the satisfaction of the jury beyond a reasonable doubt that he did remember and that in testifying to the contrary he committed perjury. Proof of motive was, therefore, relevant. In Means v. United States, 62 App.D.C. 118, 65 F.2d 206, we said that, when the tendency of testimony offered in a criminal case is to throw light upon a particular fact or to explain the conduct of a particular person in relation to the matter under investigation, there is a discretion on the part of the trial court which will not be interfered with in this court unless it manifestly appears that the testimony has no legitimate bearing upon the question at issue. We think not only that the district attorney's statement was proper but that the evidence which followed, explaining the circumstances under which the knowledge of facts in the original sworn statement was obtained, was also proper.

Second. It is contended that admission of appellant's statements to the police was improper, because they referred to separate and distinct offenses. These statements explained the circumstances of the shooting and the motive for it, and named the persons who had participated. We think it was proper to admit this evidence, and what we said on the same subject in O'Brien v. United States, 69 App.D.C. 135, 99 F.2d 368, certiorari denied 59 S.Ct. 95, 83 L.Ed. ——, where the same question was raised, is applicable here.

Third. The claim that there was insufficient proof of perjury is based upon the asserted rule that the conviction cannot be sustained solely upon the contradictory sworn statements of appellant. In other words, that the falsity of the statement made by appellant in court must be shown by evidence other than the contradictory statement previously made. But we think the correct rule is stated in People v. Doody, 172 N.Y. 165, 64 N.E. 807. In that case, as in this, the defendant answered that he did not remember certain facts to which he had previously sworn. The New York Court of Appeals said that the case could be proved by circumstantial evidence and that the rule that where one oath is placed against another there must be two witnesses to prove the charge or, if only one witness, independent corroborating circumstances, had no application. This is necessarily so because in the nature

of things it is not possible for the prosecution to prove, except through circumstantial evidence, that the accused actually remembered the facts which he had formerly sworn to. The only issue, therefore, in such a case is whether this circumstantial evidence meets the test of proof beyond a reasonable doubt. If it does, it is enough.

Here, as we have seen, appellant in the latter part of July 1936 made a detailed statement to the police of the circumstances of a crime which he had witnessed. Thereafter on several occasions he verified and amplified the statement. On November 17th following he made the same statement on oath to the grand jury, but three weeks later when called to testify in the trial of the persons he had accused, he admitted his signature to the statement but denied any recollection of having made any part of it, or of the events described in it. In short, he "remembered nothing." Direct proof that he did remember was impossible. The circumstantial evidence that he must have remembered was, if believed, enough to overcome the presumption of innocence and to leave no reasonable doubt of guilt.

Fourth. The contention that appellant was sentenced under the wrong statute was disposed of by us adversely in O'Brien v. United States, supra, and reference to that case is sufficient.

On the whole case we think the judgment below should be, and it therefore is affirmed.

Affirmed.