**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph NICOLETTI, Defendant-
Appellant.**

**No. 13722.**

United States Court of Appeals
Seventh Circuit.
Nov. 23, 1962.
Rehearing Denied Jan. 4, 1963.

Richard E. Gorman, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., John P. Lulinski, Asst. U. S. Atty., Chicago, Ill. (Raymond K. Berg, Asst. U. S. Atty., of counsel), for appellee.

Before HASTINGS, Chief Judge, and CASTLE and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

The defendant was by verdict of a jury convicted of the crime of perjury, in violation of Title 18 U.S.C. § 1621. From

a judgment entered thereon, defendant appeals.

The indictment charged that Joseph Nicoletti on the 24th of October, 1960, was called as a witness on behalf of the defendant in United States of America v. Anthony Joseph Accardo, who was being tried before Honorable Julius J. Hoffman in the United States District Court for the Northern District of Illinois, Eastern Division, and that during the course of the trial it became material for the Court and jury to learn whether the said Accardo had performed any services for Premium Beer Sales, Inc., during the years 1956, 1957 and 1958.[1]

The indictment also charged:

"(a) On October 24, 1960, the defendant Nicoletti testified in substance that he did not recall being interviewed by two agents of the Federal Bureau of Investigation during the year 1959, and, more particularly, that he did not recall being interviewed by two agents of the Federal Bureau of Investigation on May 26, 1959.

"The said testimony was false, as the defendant then and there well knew, in that he did recall and well knew that he had been interviewed by two agents of the Federal Bureau of Investigation in the year 1959, and, more particularly, that this interview took place on May 26, 1959.

"(b) On October 24, 1960, the defendant Nicoletti further testified in substance that during the aforesaid interview he did not make the following statements to two agents of the Federal Bureau of Investigation:

"1. That he went to high school with Bob Ord, a former official of Fox Head and took Fox Head 400 Beer only as a favor to Ord;

"2. That he was not acquainted with Jack Cerone, Anthony Accardo

---

1. Accardo was charged with false statements in his income tax returns in claiming deductions for certain automobile expenses incurred by him as an agent for

or Joseph Gagliano, and had had no dealings with these individuals.

"The said testimony was false, as the defendant then and there well knew, in that he had made each of the aforesaid statements to agents Inserra and Frankfurt of the Federal Bureau of Investigation on May 26, 1959 at Nicoletti's Restaurant, 5658 West Madison Street, Chicago, Illinois.

"7. Therefore, on the occasion aforesaid, the defendant Nicoletti did willfully, knowingly and contrary to the oath above described, state material matters which he did not believe to be true, and was then and there guilty of perjury, in violation of Title 18, United States Code, Section 1621."

Defendant urges as grounds for reversal that the Court erred (1) in its denial of defendant's motion to dismiss the indictment for failure to state an offense; (2) in its denial of defendant's motion for a judgment of acquittal because of the insufficiency of proof; (3) in finding that the alleged false testimony was material, and (4) in failing to charge the jury properly as to the quantum of proof necessary to convict.

█ Defendant contends that the indictment was insufficient because of its vagueness and indefiniteness; that it set forth only the substance of the alleged perjurous testimony when it should have been set forth in haec verba, and that the allegations are not sufficient to support a plea of double jeopardy upon conviction or acquittal.

We think there is no merit in the attack upon the indictment. It plainly alleges all of the elements essential to constitute the crime of perjury as defined by the statute. Any doubt in this respect is resolved by the discussion and holding in United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92.

█ Defendant's contention that the evidence was not sufficient to sustain a guilty verdict and that the Court erred in failing to charge the jury as to the quantum of proof necessary to convict are so closely related that they may appropriately be discussed together. The latter contention is based upon the Court's refusal to give an instruction tendered by the defendant which in part stated:

"It is sufficient to convict the defendant if it appears from the evidence, beyond a reasonable doubt, by the testimony of two witnesses, or from the testimony of one witness and such corroborative circumstances as in your oinion is equivalent to the testimony of two witnesses, that the defendant did wilfully and corruptly testify falsely as to some material matter in the judicial proceedings as alleged in the indictment."

The Court's charge contained no reference to the so-called two witness rule generally recognized in perjury cases. If this rule is applicable, the Court's refusal to so instruct the jury is reversible error or, to state it another way, the evidence is not sufficient to support the verdict.

We understand the Government on brief so recognizes. Referring to defendant's alleged false testimony that he did not remember the interview with the two agents of the F. B. I., as alleged in the indictment, the Government states, "In this regard the Government relies on circumstantial evidence, since, as has been pointed out in several cases, proof of recollection cannot be shown by direct evidence, but must be shown by circumstantial evidence. Hence, the two witness rule does not apply."

In this connection it is essential to keep in mind the precise issue for decision. The Court, without objection, instructed the jury:

"The issue to be determined by you is whether or not the defendant willfully and knowingly spoke false-

Premium Beer Sales, Inc. From a judgment of conviction, Accardo appealed to this Court. United States v. Accardo, 7 Cir., 298 F.2d 133.

ly in his testimony given on October 24, 1960 when he said he did not recall the interview."

Defendant on brief states, " * * * the issue which was to be tried was not whether the interview by the two agents on May 26, 1959 took place as alleged, but whether or not the defendant was telling the truth, as he swore to do in his testimony on October 24, 1960, when he stated that he did not remember the interview."

Defendant in support of his contention that the Court erred in its refusal to charge the jury as to the quantum of proof necessary to convict relies upon Weiler v. United States, 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495, in which the Court cited with approval its previous holding in Hammer v. United States, 271 U.S. 620, 626, 46 S.Ct. 603, 70 L.Ed. 1118, held that the trial court committed error in its refusal to instruct the jury as to the applicability of the so-called two witness rule and reversed the judgment.

Of the numerous cases wherein the quantum of proof required in a perjury case has been considered, it is pertinent to note the recent decision of this Court in United States v. Magin, 7 Cir., 280 F.2d 74. In an opinion by Judge Duffy, the Court stated (page 76):

"The degree and character of proof required in a perjury prosecution is different than in an ordinary criminal case. It is clear that there are two essential elements of proof. First, the statements made by the defendant must be proven false. Secondly, it must be proven that the defendant did not believe these statements to be true. It is clear that the objective falsity of the statements made must be established in conformity with the 'two witness rule' which is peculiar to perjury prosecutions."

The issue in that case was whether the two witness rule was applicable to the second element, that is, that the defendant did not believe his alleged perjurous statements to be true. The Court, after citing and discussing numerous cases, including American Communications Ass'n, C. I. O. v. Douds, 339 U.S. 382, 70 S.Ct. 674, 94 L.Ed. 925, stated (280 F.2d page 78):

"It is quite clear that in the Douds case, the Supreme Court was not extending the two witness rule to the second element in perjury. The confusion arises from the fact that in such a case, the false statement itself is a statement of what the witness believed. In the ordinary perjury prosecution, such as the case at bar, the false statement is not a statement of belief, but rather, a false statement of some objective fact. Thus, in the case at bar, the element of belief enters into the case only in proving the second element of perjury which was that the defendant knew when he made the statement that it was not true."

The Court on the same page, in response to defendant's argument that circumstantial evidence could not be relied upon to establish intent and belief, stated:

"We think, however, that strong and convincing circumstantial evidence may prove the intent to falsify just as circumstantial evidence can be used in other criminal cases to establish guilt of an accused beyond a reasonable doubt."

In Magin, the testimony alleged to be perjurous was in substance that the defendant was not interested in and had never had any business connection with certain named individuals. As noted, the Court held that the falsity of this statement was capable of proof by direct testimony and that the two witness rule was, therefore, applicable. The Court further held that the defendant's belief that the statements were not true could be proven by circumstantial evidence. In all of the cases, so far as we are aware, which have held the two witness rule applicable, the falsity of the alleged perjurous testimony was capable of proof by direct evidence. In the instant case, the situation is different. Both elements of

the offense, as set forth in Magin, relate to or involve defendant's state of mind, that is, it is alleged that defendant's testimony that he did not remember certain interviews was false, and that defendant did not believe such testimony to be true.

Courts have frequently approved a deviation from the two witness rule under the same or similar factual situations. Behrle v. United States, 69 App.D.C. 304, 100 F.2d 714, 715–716; United States v. Beach, 4 Cir., 296 F.2d 153, 155; United States v. Collins, 2 Cir., 272 F.2d 650, 652; Fotie v. United States, 8 Cir., 137 F.2d 831, 842. The reasoning of such courts is aptly stated in Beach (296 F.2d page 155):

> "Obviously where the perjury relates to the accused's state of mind, such as what he knew or saw or heard, proof can only be made by proof of facts from which the jury will infer that the accused *must* have known or seen or heard what he had denied knowing or seeing or hearing."

The Court in that case continued by quoting from Behrle (100 F.2d page 715):

> " 'This is necessarily so because in the nature of things it is not possible for the prosecution to prove, except through circumstantial evidence, that the accused actually remembered the facts that he had formerly sworn to.' "

We hold that the nature of the alleged perjurous testimony was such that the so-called two witness rule was not applicable and that the refusal of the trial court to instruct the jury in this respect was not error. Conversely, we hold that the charge was susceptible of proof by circumstantial evidence sufficient to satisfy the jury of defendant's guilt beyond a reasonable doubt.

■ No good purpose could be served in relating or discussing in detail the circumstances in proof relied upon by the Government. Briefly, Accardo was charged with making false statements in his income tax returns for the years 1956, 1957 and 1958, by stating that during those years he was employed by Premium Beer Sales, and by claiming deductions for expenses incurred in promoting sales as an agent for Premium. On October 24, 1960, during the Accardo trial, defendant in the instant case testified as a defense witness. Obviously, the essential purpose of his testimony was to bolster the contention of the defense that Accardo during the years in question was, as claimed in his return, an agent of Premium, engaged in selling its beer and, therefore, entitled to deduct automobile expenses incurred in such employment. It is evident that such testimony was material to the issue being tried. In summary, the defendant testified that he had seen Accardo fifteen or twenty times during the three-year period involved; that Accardo came to defendant's place of business and had lunch; that in 1956, he gave Accardo an order for ten cases of Fox Head 400 beer and that at that time he saw Accardo's car. Defendant further testified that he had given Accardo orders for beer in late 1956 and in 1948 or 1949; that he had known Accardo for twelve or thirteen years, and that he had known Jack Cerone for fifteen years.

On cross-examination defendant testified, as charged in the indictment, that he did not recall being interviewed by two agents of the Federal Bureau of Investigation on May 26, 1959, and that he did not state to said agents that he took Fox Head beer only as a favor to Bob Ord and that he was not acquainted with Anthony Accardo or Jack Cerone.

Two F. B. I. agents testified that on May 26, 1959, they interviewed defendant at his place of business on Madison Street in Chicago. Defendant told them that he had previously carried Fox Head 400 beer but that it did not sell and he discontinued it several years before. Defendant told the agents that he had been introduced to Fox Head 400 beer by Bob Ord, a friend with whom he had gone to high school, and that he took the beer only as a favor to Ord. Defendant told them he did not know Accardo and could not identify a photograph of Accardo

which was shown him. The testimony of the agents as to their interview with defendant contradicted defendant's testimony given at the Accardo trial. Other testimony showed that Accardo did not sell any beer to defendant during the tax years involved in Accardo's trial or at any other time.

Defendant's memory was good as long as he was testifying in support of Accardo's defense but it suddenly failed when he was faced with cross-examination. At that time he was confronted with a two-pronged dilemma. If he admitted making the previous statement to the agents contradictory of his testimony in chief, the latter would be of no benefit to Accardo's defense. If he denied making the statement, he would be impeached by their testimony. Thus, it is plain that defendant's motive was to aid Accardo in the defense of his case.

It is our conclusion and we so hold that the proof was sufficient to justify the jury verdict. We have considered other errors urged by defendant and hold that they are without merit.

The judgment is

Affirmed.