**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jose Antonio RIVERA, Defendant-
Appellant.**

**No. 17713.**

United States Court of Appeals,
Seventh Circuit.

Feb. 3, 1971.

Joseph E. McHugh, Chicago, Ill., for defendant-appellant.

William J. Bauer, U. S. Atty., Chicago, Ill., for plaintiff-appellee; John B.

Simon, John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., Chicago, Ill., of counsel.

Before SWYGERT, Chief Judge, CASTLE, Senior Circuit Judge, and PELL, Circuit Judge.

CASTLE, Senior Circuit Judge.

The defendant-appellant, Jose Antonio Rivera, was convicted following a jury trial on an indictment charging him with a sale of heroin on August 21, 1967, in violation of 26 U.S.C.A. § 4704(a). He was sentenced to five years imprisonment.

The defendant's sole contention on appeal is that the District Court's rulings admitting, over defense counsel's objection, evidence concerning a sale of marihuana to government agent Frank Cruz on August 14, 1967, constitute prejudicial error requiring a reversal of his conviction.

In this connection the record discloses that as a part of the government's case-in-chief the witness Cruz, after testifying that the defendant made a sale of heroin to him on August 21, 1967, and relating the events and circumstances surrounding that transaction, was also permitted to testify that on August 14th, seven days earlier, the defendant sold him marihuana, and to relate the events concerning the transaction. Two other agents, who testified concerning their surveillance of the August 21st transaction, were also permitted to give testimony relating their surveillance of the August 14th transaction, which testimony served to corroborate the testimony given by Cruz.

■ The general rule is that extra-indictment prior criminal conduct is not admissible against an accused. Boyd v. United States, 142 U.S. 450, 12 S.Ct. 292, 35 L.Ed. 1077; United States v. Menk, 7 Cir., 406 F.2d 124, 126. However, there are exceptions to this general rule. United States v. Turner, 7 Cir., 423 F.2d 481, 483–484; United States v. Marine, 7 Cir., 413 F.2d 214, 216; United States v. Phillips, 7 Cir., 375 F.2d 75.

Among these exceptions is the situation referred to in *Turner* where the two offenses are so blended or connected that proof of one incidentally involves the other or explains the circumstances thereof. And, in *Marine* it is stated (413 F.2d 214, 216) that:

"This court has held in similar cases that evidence sought to be introduced of a similar offense is admissible if it bears 'a strong resemblance' to the pattern of the offense charged, United States v. Iacullo, 226 F.2d 788, 793 (7th Cir. 1955), * * *."

■ As was the case in *Turner*, the earlier sale here bears such relation to and connection with the subsequent sale for which the defendant was indicted that the earlier offense is admissible. In this connection the record discloses that on August 14th Cruz negotiated with the defendant for the purchase of twenty pounds of marihuana in addition to what Cruz had purchased that day. On August 19th it was agreed that this purchase be increased to sixty pounds. On the next day the defendant informed Cruz that the defendant's supplier had been arrested and that he was unable to deliver the marihuana. When Cruz expressed his disappointment, the defendant inquired if Cruz would be interested in purchasing heroin. Arrangements followed which culminated in the sale of the heroin to Cruz on August 21st. It thus appears that the inability of the defendant to make delivery of the additional marihuana he had promised on the 14th triggered his offer to make the sale of the heroin. In addition, the same *modus operandi* was employed by the defendant in effecting the delivery of both the marihuana and the heroin. The sales reflected the same pattern, the second closely followed the first, and the intervening events, stemming from the sale of the marihuana on the 14th, served to explain the circumstances giving rise to the sale of the heroin on the 21st.

We are not persuaded by defendant's argument that a sale of marihuana is

not an offense similar to the sale of heroin. There is, of course, a difference between marihuana and heroin. But, in our judgment, the illegal trafficking in either is a substantially similar offense to illegal trafficking in the other for the purpose here involved. Defendant's reliance on Enriquez v. United States, 9 Cir., 314 F.2d 703, in support of his contention that the offenses are dissimilar is misplaced. *Enriquez*, which involved a conviction on evidence which in other respects the court characterized as "weak", held only that the *use* of marihuana was not admissible in a prosecution for the *sale* of heroin. The court found that lack of similarity between using marihuana and selling heroin precluded the admission of such extra-indictment offense, and reversed the conviction.

We conclude that under the facts and circumstances here involved the admission of the evidence relating to the extra-indictment prior sale of marihuana was not error.

The judgment appealed from is affirmed.

Affirmed.