**Glynda Carol PHILLIPS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15915.**

Court of Criminal Appeals of Oklahoma.

Feb. 17, 1971.

Rehearing Denied May 3, 1971.

Ed Parks, Tulsa, Trial Atty. for plaintiff in error.

Robert Parker, Tulsa, Appeal Atty. for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Judge.

Glynda Carol Phillips was tried without a jury on a charge of Perjury in the District Court of Tulsa County, Oklahoma. She was found guilty and sentenced to serve two (2) years under the direction and control of the State Department of Corrections, and appeals. No briefs have been filed and under the Rules of this Court, the Attorney General has filed a Motion to Advance the appeal for consideration of fundamental error only.

To convict this defendant, the State introduced a "Transcription" of a purported tape recording, which was allegedly a statement given under oath by the defendant to the Assistant District Attorney Pat Williams, in his office on the morning of July 11, 1969; and a portion of this defendant's testimony given at the earlier preliminary examination of one Harold Gene Williams, who had been charged with Murder, when defendant testified she could not remember what she had related in the earlier tape recording. The transcription of the tape recording was made by the court reporter at this defendant's preliminary examination, when it was played for

the examining magistrate.[1] Defendant objected to the introduction of the preliminary hearing transcripts introduced into evidence, but stipulated that the transcripts were what they had purported to be. No other proof, or other testimony, was offered. Defendant demurred to the evidence.

■ This conviction is reversed and remanded for a new trial for the reason defendant's demurrer to the evidence was good and should have been sustained. The introduction of the two preliminary examination transcripts—standing alone without any other proof whatsoever—are not sufficient proof to sustain a conviction for the offense of perjury. See: Dunkin v. State, 53 Okl.Cr. 115, 7 P.2d 912 (1932), wherein this Court recited concerning a perjury charge:

"One of the important things to be established where defendant is being tried on a charge of perjury is that an oath was administered, and the false testimony given by the defendant, under oath, and that the oath was administered by some officer having authority to administer the oath."

See also: Smith v. United States, 363 F.2d 143 (5 Cir. 1966), prosecuted under a Federal statute almost identical to the Oklahoma Perjury Statute. In that decision the Court recited concerning a transcript of testimony as proof of testimony given under oath:

"The bare statement, 'Petitioner, Joe Smith, having been duly sworn, testified as follows: * * *,' does not even purport to be a transcription of the prior proceedings, but is rather a mere *ex parte,* unsworn conclusion by the reporter that appellant had been sworn."

■ In addition to the insufficiency of the proof in this case, the information charges defendant under the provisions of Title 21 O.S.Supp.1965, § 491, the General Perjury Statute; and then the State attempts to establish the proof under the provisions of Section 496, which provides for establishing perjury upon the proof of two or more contradictory statements made under oath. See: Baeza v. State, Okl.Cr., 453 P.2d 268 (1969).

Therefore, the conviction of Glynda Carol Phillips in District Court of Tulsa County case No. CRF–60–1158, is hereby reversed and remanded for a new trial.

BUSSEY, P. J., not participating.

NIX, J., concurs.

---

1. For establishment of authenticity of tape recording see: Am.Jur.2d, "Proof of Fact," § 60, 51–52.