UNITED STATES of America,
Plaintiff-Appellee,

v.

Jose Antonio RIVERA, Defendant-
Appellant.

No. 18071.

United States Court of Appeals,
Seventh Circuit.

June 8, 1971.

Joseph E. McHugh, Chicago, Ill., for defendant-appellant.

William J. Bauer, U. S. Atty., Donald C. Shine, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee, John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel.

Before SWYGERT, Chief Judge, and PELL and SPRECHER, Circuit Judges.

PER CURIAM.

This is an appeal from a perjury conviction under 18 U.S.C. § 1621. A brief outline of the essential facts follows.

At a trial commenced April 2, 1969, charging Rivera with selling heroin in violation of 26 U.S.C. § 4704(a), the Government produced evidence showing that Rivera sold marijuana to government agent Cruz at 5:00 p. m. on August 14, 1967, and sold heroin to the same agent at 11:00 p. m. on August 21, 1967. Rivera took the stand in his own behalf and testified that he had not met Cruz at 11:00 p. m. on August 21, but rather they had met at 5:00 p. m. on that day and Cruz had purchased some marijuana. Rivera was convicted of violating 26 U.S.C. § 4704(a) and this court recently affirmed that conviction. United States v. Rivera, 437 F.2d 879 (7th Cir. 1971).

Shortly after his conviction for selling heroin, the Government indicted Rivera for perjury, alleging that his sworn statements described above were false and that he had made those statements without believing them to be true.

Defendant's first contention is that the district court erred in ruling that the materiality of his false statements was a matter to be determined not by the jury but by the court. Defendant recognizes that the uniform weight of authority supports the district court's action but urges that we reject that authority and overrule our prior de-

cisions which followed it. This we decline to do. We adhere to our decisions holding that materiality is a question for the court. *See, e. g.,* United States v. Parker, 244 F.2d 943, 950 (7th Cir.), cert. denied, 355 U.S. 836, 78 S.Ct. 61, 2 L.Ed.2d 48 (1957).

 Defendant next contends that the district court applied an improper standard in determining the materiality of his false testimony. This court has stated that the test of materiality is whether the false testimony has a natural tendency to influence the trier of fact. United States v. Mitchell, 417 F.2d 1246, 1248–1249 (7th Cir. 1969). Under that test, and indeed under any conceivable test, defendant's denial that he made the sale of heroin with which he was charged is clearly material.

Defendant's final contention is that there was insufficient proof to sustain the conviction. The evidence of the falsity of defendant's testimony was overwhelming. Defendant apparently concedes that his testimony was false, but argues that it was the result of confusion on his part and that there is no evidence that he did not believe his statements were true. Once the objective falsity of facts testified to has been established under the strict requirements of the "two witness rule" which is applicable to perjury prosecutions, a defendant's belief as to the falsity of his testimony may be established by circumstantial evidence and by inference drawn from proven facts. *See, e. g.,* United States v. Magin, 280 F.2d 74 (7th Cir.), cert. denied, 364 U.S. 914, 81 S.Ct. 271, 5 L.Ed.2d 228 (1960); United States v. Nicoletti, 310 F.2d 359 (7th Cir.), cert. denied, 372 U.S. 942, 83 S.Ct. 935, 9 L.Ed.2d 968 (1962). As the court said in La Placa v. United States, 354 F.2d 56, 59 (1st Cir. 1965), cert. denied, 383 U.S. 927, 86 S.Ct. 932, 15 L.Ed.2d 846 (1966), a case involving a claim of confusion and innocent mistake, "in appropriate circumstances belief of falsity may be inferred by proof of the falsity

itself." *See also* Young v. United States, 94 U.S.App.D.C. 54, 212 F.2d 236, 241, cert. denied, 347 U.S. 1015, 74 S.Ct. 870, 98 L.Ed. 1137 (1954). We conclude that on all the evidence presented to it, the jury could rationally have concluded that defendant did not believe that the facts he testified to were true.

The conviction is affirmed.