**UNITED STATES of America**

v.

**Fred L. MATHERN.**

**Crim. No. 70–98.**

United States District Court, E. D. Pennsylvania.

July 8, 1971.

Mark S. Refowich, Easton, Pa., for defendant.

Robert C. Ozer, Sp. Atty., Dept. of Justice, Philadelphia, Pa., for plaintiff.

## OPINION AND ORDER

HANNUM, District Judge.

Presently before the court are defendant's motions for new trial and judg-

ment of acquittal pursuant to Fed.R. Crim.P. 33 and 29 respectively. Defendant was convicted by a jury of perjury in violation of 18 U.S.C. § 1621. The grounds upon which he challenges the validity of his conviction are: (1) that the government failed to prove that the testimony constituting the basis for the charges contained in the indictment was given under oath, and (2) that the government also failed to prove that this same testimony was given with the requisite intent to falsify.

In considering defendant's first contention, it should be noted that the testimony in question was given before another member of this court during the course of a three month criminal jury trial at which over one hundred witnesses testified.

In that proceeding, the defendant was called as a government witness but was unable to remember certain key facts which he had fully discussed with government officials just prior to testifying. [The incident involving this defendant occurred early in that proceeding.] His alleged failure of recollection was so unexpected that the trial judge permitted counsel for the government to plead surprise and to cross examine him to impeach his credibility.

Defense counsel in the present case was willing to stipulate to the accuracy and authenticity of the official transcript but because the challenged testimony consumed only a small part of the entire volume of the official transcript, defense counsel requested that it not be physically admitted into evidence because the portions containing the cross examination of the defendant were not relevant to this proceeding and possibly prejudicial. Counsel for the government agreed, and the jury was instructed as to counsels' stipulation.

Defendant now contends that because the government did not read into the record in its case in chief that portion of the transcript in which the official court stenographer noted that the defendant was sworn prior to testifying, the government failed to prove that his testimony was given "under oath". This argument, however, overlooks both the purpose of the stipulation and the state of the record itself.

The stipulation was effected to avoid the necessity of calling the official court stenographer who had transcribed the notes of testimony and for the purpose of preventing possible prejudice to the defendant from physically admitting the entire volume in which the defendant's credibility had been impeached.

In addition, the record in this present case reveals that as a part of its case in chief, the government presented the testimony of the attorney who was the prosecutor at the prior protracted criminal trial. He was expressly requested to address his answers to the "testimony that was given under oath" by the defendant. (T. 103–104) In doing so, he clearly identified the testimony contained in the instant indictment and testified to the surrounding circumstances under which it was given. Such testimony satisfies even the rigid and somewhat unrealistic standard of Smith v. United States, 363 F.2d 143 (5th Cir. 1966) upon which the defendant relies.

It should also be noted that the word "testimony" itself implies the preliminary of taking an oath. It is defined in Black's Law Dictionary 1646 (Revised 4th ed. 1968) as "evidence given by a competent witness under oath or affirmation", citing Edelstein v. United States, 149 F. 636, 648 (8th Cir. 1906). It is therefore apparent that it would have been both unnecessary and burdensome to require the witnesses in the present proceeding to modify their references to the defendant's prior testimony as being testimony "under oath".

Finally, in addition to the factual background previously recited, it is common knowledge that the regular practice of this court is to require that an oath or affirmation be administered to each witness prior to testifying in a criminal trial. In Vuckson v. United States, 354

F.2d 918, 922 (9th Cir.), cert. denied, 384 U.S. 991, 86 S.Ct. 1896, 16 L.Ed.2d 1007 reh. denied, 385 U.S. 893, 87 S.Ct. 27, 17 L.Ed.2d 127 (1966), the court indicated that where counsel stipulated into evidence the official transcript of the proceedings before the grand jury, there was a strong presumption that the regular procedures were followed and, therefore, that the witness was sworn prior to testifying. In this case the strong presumption of regularity in the grand jury proceedings noted in *Vuckson,* is virtually conclusive where the testimony in question is given before another member of this court during the regular course of a criminal trial.

The court therefore concludes that defendant's first contention is without merit.

The defendant's second contention concerns the question of whether the government's proof of his lapse of memory in light of all the surrounding facts and circumstances was sufficient to establish the requisite intent to falsify.

■ It is clear that the testimony of a witness that he does not or cannot remember the facts in question is subject to a perjury prosecution when it can be established by circumstantial evidence that the witness actually remembered or could not possibly have forgotten. "The only issue, therefore, in such a case is whether this circumstantial evidence meets the test of proof beyond a reasonable doubt." Behrle v. United States, 69 App.D.C. 304, 100 F.2d 714, 715–716 (1938); United States v. Nicoletti, 310 F.2d 359 (7th Cir. 1962), cert. denied, 372 U.S. 942, 83 S.Ct. 935, 9 L.Ed.2d 968 (1963).

■ The government's evidence, if believed, clearly established the requisite intent. The question was properly one for the jury which was adequately instructed on the methods of proving state of mind and judging credibility.

The court, therefore, concludes this contention is also without merit.

Accordingly, the defendant's motions are denied.