**In the Matter of S. A. D., a Child Under the Age of Eighteen (18) Years.**

**No. J–80–171.**

Court of Criminal Appeals of Oklahoma.

Feb. 19, 1981.

John Dratz, Jr., Asst. Public Defender, Juvenile Division, Tulsa District Court, Tulsa, for appellant.

Cary W. Clark, Asst. Dist. Atty., Tulsa, for appellee.

OPINION

CORNISH, Judge:

The appellant, S.A.D., was found guilty of Perjury pursuant to 21 O.S.1971, § 491, in the Juvenile Division of the District Court of Tulsa County, Oklahoma, Case No. JFJ–79–1063. He was adjudged delinquent in a non-jury trial, placed on probation, and remanded to the custody of his mother. The appellant is presently in custody at the Tulsa County Juvenile Bureau for violation of his probation.

The record reflects that on May 16, 1979, the thirteen-year-old appellant and his mother went to the Tulsa County sheriff's office to file a complaint against an individual who had allegedly supplied the appellant with marihuana. Both the appellant and his mother signed an *unsworn* statement identifying Sally Sparks as the person who gave the appellant the marihuana.

Several days prior to Ms. Sparks' preliminary hearing, the appellant appeared with his mother at the district attorney's office. He requested dismissal of the charges, stating he could not remember exactly what had happened.

At Ms. Sparks' preliminary hearing, the juvenile testified under oath that he was not sure that she had supplied him with marihuana on May 16, 1979, or on ten previous occasions. The case against Ms. Sparks was dismissed. Charges were then filed against the appellant for perjury.

The appellant first asserts that the trial court erred in admitting as evidence his original unsworn statement as a basis for the perjury conviction. He contends that the State attempted to establish proof of a violation of the general perjury statute, 21 O.S.1971, § 491, by evidence needed to establish a violation of 21 O.S.1971, § 496.[1] Section 496 makes it a crime to give two or more contradictory statements under oath. The appellant probably could not be convicted under Section 496 because his first statement was not made under oath.

■ It is correct, as asserted by the appellant, that a conviction under the general perjury statute cannot be had merely by introducing two contradictory statements, even if the statements are both made under oath. See *Phillips v. State*, Okl.Cr., 483 P.2d 1386 (1971). The rule set down in *Phillips*, against proving a charge of general perjury by evidence necessary to prove a violation of 21 O.S.1971, § 496, is a rule concerning the sufficiency of the evidence, not its admissibility. The admissibility of the evidence would be governed by 12 O.S. Supp.1979, §§ 2101–3103.

■ Assuming admissibility of the unsworn statement, we are still confronted with the question of whether the State proved beyond a reasonable doubt that the appellant's statements at the preliminary hearing were untrue. In 1965 the Oklahoma Legislature enacted Laws 1965, c. 126, § 3, now 21 O.S.1971, § 498 which provides that proof of perjury requires only proof beyond a reasonable doubt and that proof need not be by a particular number of witnesses or by documentary or other evidence.[2] *Boyd v. State*, Okl.Cr., 513 P.2d 341 (1973). Further, as this Court observed in *Marshall v. State*, Okl.Cr., 551 P.2d 291 (1976), this proof can be, and must be in many instances, shown by circumstantial evidence, because the State is not in a position to prove the defendant's subjective state of mind at the time the statements were made.

1. 21 O.S.1971, § 491 provides:
   § 491. Perjury defined—Defense
   Whoever, in a trial, hearing, investigation, deposition, certification or declaration, in which the making or subscribing of a statement is required or authorized by law, makes or subscribes a statement under oath, affirmation or other legally binding assertion that the statement is true, when in fact the witness or declarant does not believe that the statement is true or knows that it is not true or intends thereby to avoid or obstruct the ascertainment of the truth, is guilty of perjury. It shall be a defense to the charge of perjury as defined in this section that the statement is true. As amended Laws 1965, c. 126, § 1.
   21 O.S.1971, § 496 provides:
   § 496. Contradictory statements as perjury

   Whoever, in one or more trials, hearings, investigations, depositions, certifications or declarations, in which the making or subscribing of statements is required or authorized by law, makes or subscribes two or more statements under oath, affirmation or other legally binding assertion that the statements are true, when in fact two or more of the statements contradict each other, is guilty of perjury. As amended Laws 1965, c. 126, § 2.

2. Prior to 1965 a perjury charge was required to be supported by at least two witnesses or by one witness and corroborating circumstances. *Shoemaker v. State*, 29 Okl.Cr. 184, 233 P. 489 (1925); *Goltry v. State*, 24 Okl.Cr. 127, 216 P. 485 (1923).

One of the elements of perjury is the falsity of the statement made under oath. *Pitman v. State*, Okl.Cr., 487 P.2d 716 (1971). It is incumbent on the State to establish all of the elements by proof beyond a reasonable doubt. In the present case the State was required to prove that the appellant's statement under oath at the preliminary hearing was false. The State attempted to show this by circumstantial evidence.

The evidence at trial consisted of: (1) the unsworn statement made four months prior to the preliminary hearing; (2) testimony that the appellant's mother did not want the appellant to testify; (3) testimony that prior to the preliminary hearing the appellant and his mother went to the district attorney's office and stated he did not remember what had happened, and, when questioned by the district attorney, the appellant repeatedly looked to his mother before answering; and (4) after the preliminary hearing when the appellant and his mother were confronted by the assistant district attorney the appellant began laughing.

Urging insufficiency of the evidence to sustain the adjudication, the appellant contends that the State never introduced any evidence as to whether the prior unsworn statement was true or false. He points out that there were other witnesses whom the State could have called to substantiate whether Sally Sparks gave the appellant marijuana. The State did not call those witnesses.

To find the appellant guilty of perjury, the trial judge had to presume the truth of the unsworn statement. There is no basis in law for such a presumption, except that a judge sitting without a jury weighs the evidence and chooses what evidence to believe. Belief of the unsworn statement, however, would have to be based on conjecture. The issue here is the appellant's credibility; it cannot be presumed. After a careful review of the record, we find there was no independent evidence of the truth or falsity of the prior unsworn statement.

This Court has held that we will not reverse a conviction for insufficiency of the evidence if there is competent evidence from which the trier of fact could have reasonably and logically found the defendant guilty. *Harris v. City of Tulsa*, Okl.Cr., 589 P.2d 1082 (1979); *Mathes v. State*, Okl. Cr., 552 P.2d 415 (1976). Conversely, we have also stated in the third syllabus to *Turner v. State*, Okl.Cr., 477 P.2d 76 (1970):

> [I]t is not only the province but the duty of the Court to set aside such a verdict when it is contrary to law and the evidence, or where there is no evidence to support it, or there is a failure to prove some essential matter to establish the offense charged, or where it appears that the verdict was rendered as a result of passion or prejudice. . . .

The evidence introduced at trial is as consistent with the appellant's innocence as it is with his guilt because it was never proven which statement, if any, was false.

Based on the above and foregoing reasons, we hold the appellant's adjudication as a delinquent was not established by proof beyond a reasonable doubt and was improper. REVERSED and REMANDED with instruction to DISMISS.

BRETT, P.J., concurs.

BUSSEY, J., dissents.

BUSSEY, Judge, dissenting:

The State charged appellant in juvenile court with delinquency due to perjury. The alleged perjured testimony came in the preliminary hearing of a neighbor charged with contributing to the delinquency of the State's star witness, appellant, by giving him marijuana. When the time came and appellant took the witness stand, he testified that he could not remember whether the neighbor did those things he had previously accused her of doing. With that, the case against the neighbor was dismissed, but juvenile charges were filed against appellant, as noted above.

Given the nature of the alleged perjured remark here, we may note that:

... In the nature of things it is not possible for the prosecution to prove, except through circumstantial evidence, that the accused actually remembered the facts which he had formerly sworn to. The only issue, therefore, in such a case is whether this circumstantial evidence meets the test of proof beyond a reasonable doubt. If it does, it is enough.

*Behrle v. United States,* 100 F.2d 714 (D.C. Cir.1938). Although in *Behrle* the prior statement was under oath rather than unsworn, that is merely an additional circumstance for consideration.

The pertinent facts may be summarized as follows: On May 15, and 16, 1979, the appellant and his mother reported to police that on May 15, Ms. Sally Sparks, a neighbor, gave appellant some marijuana. They asked that something be done. In an unsworn, written statement, signed by appellant and his mother, he detailed for authorities the previous day's receipt of marijuana from Sparks in addition, apparently, to other such deliveries by Sparks. A portion of appellant's statement was read into the record of the juvenile hearing:

A. Question 35 in this statement: I asked him, 'Now, yesterday when Sally Sparks gave you this marijuana, did she tell you that it was marijuana? Answer: 'She didn't say it was marijuana, but all she said was, 'Do you want to smoke a joint?' And, Joe said, 'Yes.' And, we just sat down there and did it.' Question 33, I asked him: 'Now did Sally Sparks give you this marijuana each time you smoked it over there at her house?' Answer 'Yes.'

However, as the time set for preliminary hearing on the charge against Sparks approached, appellant and his mother sought to have the charge dismissed. It appears that, though they thought it best at the time to report Ms. Sparks to the authorities, appellant and his mother had each visited on several occasions with Ms. Sparks since that time. Sparks told the mother of a prior conviction for stealing food to feed her children (though police records reveal that the article stolen was a dress), and the

mother felt sorry for her. Besides, the mother thought Ms. Sparks' husband instigated the marijuana problem, and since he was leaving, mother did not want Ms. Sparks and Ms. Sparks' son to be further involved, and she did not want her own son, appellant, to testify. For his part, appellant glanced repeatedly to his mother before answering with "I don't remember" to prosecutor's questions in the pre-preliminary hearing interview.

After the case against Sparks was dismissed due to appellant's testimony, the prosecutor confronted mother and son in a corridor and said that he did not appreciate appellant lying in court, whereupon appellant laughed at him.

I am of the opinion that a sufficient case of perjury has been made out under 21 O.S.1971, § 491. It is not disputed that the alleged perjured remark was legally binding and asserted the truth of a certain matter, to-wit, appellant's state of remembrance. Moreover, the circumstantial evidence is clearly sufficient to infer the existence of one of the three separate criminal mens rea required by the statute, to-wit, an intent on appellant's part to avoid or obstruct the ascertainment of the truth. (See the Model Perjury Act of 1952, Comments, The Parent of 21 O.S.1971, § 491 et seq., see 36 OBJ 2212).

Finally, there is sufficient proof of the falsity of the alleged perjured remark. Here, as in *Behrle,* supra, prior statements are offered not as technically inconsistent, mutually exclusive remarks vis a vis the alleged perjured statement but rather as fixing in the fairly recent past a point in time where the accused was possessed of such a firm, detailed and compelling belief with regard to the subject of inquiry that it is utterly ridiculous for him to now assert no memory of the events.

In this case, appellant appears to have been privy to information concerning a most serious problem, the distribution of controlled dangerous substances among the young. After initially performing his civic duty by reporting this information, he apparently, for his own reasons, decided that

the alleged wrongdoer should not be punished, according to the State's evidence. And if the State's evidence be believed, this determination led him into perjury. This we cannot condone, and I would affirm.