**UNITED STATES of America**

v.

**John H. NACRELLI.**

**Civ. A. No. 81–2460.**

United States District Court,
E. D. Pennsylvania.

July 7, 1982.

Joseph F. Mulcahy, Jr., Chester, Pa., for petitioner.

Peter F. Vaira, U. S. Atty., William Carr, Asst. U. S. Atty., Philadelphia, Pa., for respondent.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This is a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2255. The matter was referred to a United States Magistrate in accordance with Local Rule 7 of this Court. The Magistrate issued a report and recommended that the petition be denied. The petitioner filed objections to the report of the Magistrate, and the matter is therefore now before this Court.

Local Rule 7(IV)(b) provides that when a party has filed objections to a Magistrate's report, "[a] judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Having made a *de novo* determination of all relevant materials, this Court will approve and adopt the report and recommendations of the Magistrate and deny the relief requested.

The petitioner, John H. Nacrelli ("Nacrelli"), while Mayor of Chester, Pennsylvania, was found guilty by a jury on February 6, 1979 on a five count indictment of racketeering, conspiracy, and filing a false income tax return, and was sentenced to a six year term of imprisonment. On June 18, 1981, Mr. Nacrelli filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. In support of his motion, he advanced two grounds which he contends entitle him to relief: (1) the use of false testimony by the government; and (2) the failure of the trial judge to recuse himself. This Court, on the basis of a *de novo* determination based upon the record, finds that Nacrelli is not entitled to relief on either ground.

In regard to the false testimony, Mr. Nacrelli contends that one of the government's principal witnesses, Frank Miller, lied under oath when he stated that he had quit the numbers business in 1978; and that the United States Attorney "knew or should have known" that the witness was not telling the truth. The testimony alleged by Nacrelli to have been false consists of the following:

> Mr. Peruto: And I suppose, sir, today you have no numbers business. Would that be your answer if I were to ask you that?
>
> Mr. Miller: Yes, sir.

(Trial Record at 16.29)

In order for Mr. Nacrelli's allegations to entitle him to post-conviction relief he must show that Miller's testimony was, in fact, false. Second, he must prove that Miller's testimony was material to his con-

viction, that is, that it would have made Miller vulnerable to a prosecution for perjury. (*See* 18 U.S.C. § 1621: false statement must be of a material nature to constitute perjury). Finally, he must prove that the government knew or should have known of the falsity of the testimony. *Jackson v. United States*, 338 F.Supp. 7, 10 (D.N.J. 1971), *affirmed*, 455 F.2d 991 (3d Cir. 1971); *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *United States v. McCrane*, 575 F.2d 58, 61 (3d Cir. 1978).

■ Reviewing the Magistrate's Report, and the record of the evidentiary hearing held before the Magistrate, we agree with the finding that, based upon the evidence presented to the Magistrate, the petitioner has carried his burden of proving that Miller lied under oath. However, even accepting the finding of false testimony, Mr. Nacrelli is not entitled to the relief requested since he failed to carry his burden of proving the other two elements necessary for relief.

■ In evaluating whether the testimony was material, we employ the same standard of materiality employed in determining whether a statement is perjurious under 18 U.S.C. § 1621, that is, whether the false statement has the natural tendency to influence the trier of fact. *U. S. v. Rivera*, 448 F.2d 757 (7th Cir. 1971); *U. S. v. Masters*, 484 F.2d 1251 (10th Cir. 1973). We recognize that false testimony on the issue of credibility, no less than false testimony on the case in chief, may be material. *Napue v. Illinois*, 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217 (1959). We further recognize that a false answer to a

question concerning one ground for doubting a witness's reliability may be material even though the jury has been apprised of other factors from which it might form doubts as to the veracity of the witness. *Napue, supra* at 270, 79 S.Ct. at 1177. In this case, however, we nevertheless decline to find Miller's allegedly false testimony material. In his examination of Mr. Miller, Mr. Nacrelli's attorney elicited extensive impeaching testimony to the effect that, *inter alia*, Mr. Miller had made a deal with the government in return for his testimony; that he had not held a "legitimate" job for twenty-five years; that he had had a numbers organization in two states; that he had been indicted for tax evasion; that he had lied while testifying before the Pennsylvania Liquor Control Board; that he had plead guilty to falsifying records and licenses; and that he had still been running a numbers business three months before trial. Mr. Nacrelli contends that "[t]his jury had the impression that, although Miller's life up to the time of his testimony was filled with criminal activity, he was now away from that activity and was testifying truthfully." We cannot accept the argument that the one additional fact of Mr. Miller's continued participation in the numbers business could have had any effect on the jury's assessment of his credibility.[1]

Furthermore, Mr. Nacrelli failed to carry his burden of proving that the government knew or should have known of the false testimony. We fully accept the findings of the Magistrate on this issue. Mr. Nacrelli in his objections to the Report has only presented conclusory allegations which do not refute the Magistrate's findings.[2] Mr.

---

1. It is, of course, not possible to predict precisely the impact of any item of information on a jury collectively or its members individually. This Court believes, however, that the impact of any given fact will vary, depending on how much other information the jury possesses. In this situation, where the jury had ample bases on which to question Miller's credibility if it so chose, we cannot accept Mr. Nacrelli's contention that this additional fact would have influenced the jury. And we additionally believe that even if the jury had completely discounted Miller's testimony, it could have found Mr. Na-

crelli guilty on the basis of the testimony of the other government witnesses.

2. If the government did not know or should not have known that Miller lied under oath, the only basis on which Mr. Nacrelli would be entitled to relief would be if he could satisfy the "severe burden of demonstrating that [the] newly discovered evidence probably would have resulted in acquittal." *U. S. v. Agurs*, 427 U.S. 97, 111, 96 S.Ct. 2392, 2401, 49 L.Ed.2d 342 (1976). *See also U. S. v. Meyers*, 484 F.2d 113, 116 (3d Cir. 1973). Since we have already found that the allegedly false testimony was

Nacrelli, therefore, is not entitled to relief on the first ground of his petition.

We turn next to Mr. Nacrelli's second ground for § 2255 relief, that the judge should have recused himself. This Court notes initially that Mr. Nacrelli, on the advice of his attorney, did not file an affidavit seeking recusal pursuant to 28 U.S.C. § 144.[3] At the time of trial, the petitioner and his lawyer apparently did not believe that there was any basis for recusal.

▆ Mr. Nacrelli's failure to file a recusal affidavit under § 144 is not, however, a sufficient basis for denying him relief because under 28 U.S.C. § 455 the judge has an independent duty to recuse himself in any proceeding in which his impartiality might reasonably be questioned. This is an *objective standard*, based on what a reasonable person, knowing all the relevant facts, would think about the judge's impartiality. *Roberts v. Bailar*, 625 F.2d 125, 129 (6th Cir. 1980); *United States v. Winston*, 613 F.2d 221, 222 (9th Cir. 1980). Having reviewed the record and relevant facts, this Court finds it completely reasonable for the judge to have presided over the trial. Moreover, we note that in the evidentiary hearing before the Magistrate, Mr. Nacrelli's attorney conceded that he could find no evidence in the trial record to indicate the appearance of bias or partiality. (Notes of Testimony at 42). Without alleging a factual basis to support his claims, this Court deems relief unwarranted.

Accordingly, an order will be entered approving and adopting the Report of the Magistrate and denying the motion of petitioner pursuant to 28 U.S.C. § 2255.

immaterial, we do not see how Mr. Nacrelli could satisfy this "severe burden".

**3.** The full text of 28 U.S.C. § 144 (1976) reads:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any cases. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.