John E. LYTLE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-12303.

Criminal Court of Appeals of Oklahoma.

July 11, 1956.

The defendant did not testify and offered no evidence. The sole ground for appeal is the proposition that the evidence on the part of the State was insufficient to sustain the judgment of conviction.

The evidence on the part of the State developed that about 5:30 p. m. on March 11, 1955, Lloyd Rich, Curtis Akins and Basil Spalding of Fletcher, Oklahoma, were travelling in a car driven by Akins in a northerly direction on Highway 277, between the towns of Elgin and Fletcher. About a mile and a half north of Elgin, they observed a Studebaker car in front of them being driven north along said highway. Mr. Akins recognized the driver as Kenneth Saunders, an employee of Dolese Brothers, at Richard's Spur. The horn of the Studebaker was sounded and the driver passed a black Ford automobile, also travelling north along the highway. Up to this point the speed of the automobiles was well within the speed limit. In fact, the evidence shows that the Ford was actually being driven at a rather slow rate of speed until the Studebaker passed it.

Witness Lloyd Rich, testifying as to the happenings after the Studebaker passed the Ford in question, stated that both the cars thereafter reached speeds of about 90 miles per hour; that he could not tell whether the Ford was trying to pass around the Studebaker or was trying to ram it. He said on cross-examination that the driver of the Studebaker apparently was just trying to stay out of the way. The Ford was being driven from one side of the highway to the other, and the driver was having great difficulty keeping the Ford in the road; and at one time he had driven off the pavement on the right.

Witness said that the car in which he was riding caught up with the Ford about a mile and a quarter south of Fletcher and then they slowed down and followed the cars on into Fletcher, and could see them at a distance.

Witness said that he observed only one person in the Ford, the driver, but did not recognize him. He said that he knew

Lewis F. Oerke, Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

John E. Lytle, plaintiff in error, hereinafter referred to as defendant, was charged by information filed in the county court of Comanche County with the offense of driving an automobile while under the influence of intoxicants, was tried before a jury, convicted, and his punishment fixed by the jury at a fine of $100.

the defendant but he could not say that he was the driver of the black Ford at the time in question, but since that day he had seen him driving it many times.

Curtis Akins testified substantially as Lloyd Rich, but in addition said that he obtained the license number of the black Ford they were following. Said he:

"A. Well, it looked to me like the Ford deliberately tried to ram the Studebaker, and the fellow in the Studebaker, he seemed as though he was trying to get out of the way. This Ford would gain on him, and then he would weave across the center line at times; at other times off the highway, until he would have to lose his speed, and as soon as he would get straightened up, he would try again; pick up speed again."

Witness further stated that the Studebaker, being driven by a man he identified as Kenneth Saunders, drove on through Fletcher, but the Ford was driven about a block off the highway into an old former service station and parked. That but one person was in the Ford, but from the distance he did not recognize him. Witness then sought out constable Jump and reported what he had seen to him and drove him back and showed him the parked black Ford. Witness was asked:

"Have you since seen the same car, the same Ford, that you observed driving on the highway and parked there? A. Yes, I have. Q. Whose car is that, do you know? A. I have seen John [the defendant] driving it; that's all I know."

This witness admitted that he was related to the defendant. The county attorney asked him:

"Would you have reported this if you had known this was your cousin? A. No, I wouldn't have; I will be honest.

"By Mr. Oerke [defense counsel] Just a minute. I don't think that was a fair question. Just a minute. I want this witness back. That was a misleading question, 'Would you have reported this if you had known it was your cousin?' [To witness] You don't know that was your cousin driving, do you? A. No, I don't."

George Jump constable of Fletcher, testified that on the evening of March 11, 1955 Mr. Akins and another man came to his home and thereafter drove him up town in Fletcher, some four blocks, to the filling station place just west of a beer joint, and pointed out a black Ford they reported on and after this Ford was so pointed out to him, that he entered the beer parlor and saw the defendant playing a marble table game and he had previously seen the defendant driving this Ford and that it was the same car that had been pointed out to him. Mr. Owen C. Klepper, who was deceased at time of the trial, and who was an officer at Fletcher on March 11, 1955, also arrived. Witness told defendant that he would like to speak to him a minute and thereafter placed him under arrest; that he asked defendant about the black Ford and he admitted that it was his, and witness asked him how long it had been since he had driven it, and he answered and said: "He said it had sat there some time and he hadn't drove it." Witness further said that he took defendant to jail as it was his opinion that he was definitely intoxicated, and that he took a half pint of whiskey off of him. Witness also obtained from the defendant the key to the black Ford and told defendant he would drive it down to defendant's home, and defendant said: "All right."

Witness further testified that some time after he had placed defendant in jail deputy sheriffs McCracken and Ridgeway came in his office and observed the defendant.

Deputy McCracken testified that on the evening of March 11, 1955 he saw the defendant in jail at Fletcher, that constable Jump let him out in the "run around" to get a drink of water; that he talked with defendant, smelled whiskey on his breath;

that he talked with a thick tongue; that he staggered and his eyes were glassy, and in his opinion the defendant was "pretty drunk".

This ended the evidence.

■■■■ As has been observed, the State relied strictly on circumstantial evidence to establish the fact that the defendant was the driver of the black Ford in question, as it was driven north along U. S. Highway 277, as charged in the information and as shown by the witnesses. Were the circumstances developed sufficient to support the verdict, under the circumstances recounted?

From a careful reading of the entire record, we conclude that the evidence was sufficient for submission of the case to the jury. We note that the court gave an instruction covering circumstantial evidence.

In the case of Robertson v. State, 96 Okl. Cr. 132, 250 P.2d 62, this court said:

"Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Criminal Court of Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts."

The judgment and sentence of the county court of Comanche County is affirmed.

BRETT, J., concurs.