Neil Scott HOWELL, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–74–634.

Court of Criminal Appeals of Oklahoma.

Dec. 10, 1974.

Rehearing Denied Dec. 26, 1974.

Don Hamilton and Jon L. Hester, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Bill James, Asst. Atty. Gen., for appellee.

OPINION

BLISS, Presiding Judge:

Appellant, Neil Scott Howell, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRM–74–644, for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, in violation of 47 O.S., § 11–902. His punishment was fixed at fifteen (15) days imprisonment in the County jail and he was assessed a fine of One-

Hundred Fifty ($150) dollars. From said judgment and sentence he has perfected a timely appeal to this Court.

The evidence adduced at the trial from Frank Abernathy, Traffic Division Police Officer with the Oklahoma City Police Department, revealed that on March 6, 1974, at approximately 8:00 p.m., Abernathy was on patrol traveling south on Classen. He stopped his patrol car at the intersection of Northwest 6th and Classen and while stopped he heard a car approaching at a high rate of speed. He turned and observed a west bound 1972 Pontiac proceeding at a speed he estimated to be between 65 and 70 miles per hour traveling with its headlights off. As the vehicle entered the intersection traveling in the outside lane of the four lane street, it struck a dip and "bottomed out" causing visible sparks between the pavement and the car. After passing through the intersection the automobile abruptly stopped approximately two feet from another stopped vehicle. Abernathy pursued the vehicle with his red light on with the vehicle never moving from its stopped position. Abernathy approached the car and upon his request defendant produced his driver's license. Defendant and Abernathy engaged in a conversation. During the conversation Abernathy stated he detected a moderate odor of alcohol inside the vehicle. Abernathy instructed defendant to walk to his patrol car located approximately 20 to 25 feet to the rear of defendant's vehicle. Abernathy stated that as the defendant walked to the vehicle he had difficulty with his balance. Further, Abernathy stated defendant's eyes were watery and bloodshot and in his opinion defendant was under the influence of alcohol. After they entered the vehicle and Abernathy placed defendant under arrest, defendant became belligerent, combative, used profanity and made threats to him. Following defendant's conduct Abernathy called backup officers to the scene. Defendant was searched and transported to the police station and booked for the offenses of reckless driving and driving under the influence. Abernathy stated defendant denied being intoxicated at the time of the arrest.

Thereafter the State rested.

The defense rested without presenting evidence.

 We note initially in defendant's brief he reiterates those assignments of error raised in his petition in error without asserting arguments in support of them. It is a well settled rule the assignments of error in the petition in error, if not argued in the defendant's brief, are abandoned. Only those assignments which are argued will be considered by the Court unless fundamentally erroneous. We have reviewed those assignments of error set forth in the petition in error which were not argued and supported with citations of authority and find counsel did not raise fundamental error by asserting them. Consequently, those assignments of error will not be considered further in this appeal.

 Defense counsel urges in his first proposition of error that closing arguments made by the prosecutor were erroneous. The first argument assigned to be erroneous is reproduced at page 65 of the trial transcript and reads as follows:

"MR. PUCKETT: Now, the Defense Counsel seems to think that it's a defense to come before you Ladies and Gentlemen without offering any evidence and making a flash statement that the Defendant was not under the influence of intoxicating liquor."

Thereafter defense counsel interposed his objection to the argument and the objection was overruled.

Title 22 O.S.1971, § 701 reads as follows:

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offense or misdemeanor before any court or committing magistrate in this State, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not

create any presumption against him nor be mentioned on the trial; if commented upon by counsel it shall be ground for a new trial."

The question in the instant case is whether the above statement falls within the above mentioned statute requiring reversal. We note first of all that the above statement does not specifically constitute a comment on the defendant's failure to testify. We note in studying the closing arguments of defense counsel that defense counsel did argue his client was not guilty although the only witness in the case testified defendant was under the influence of intoxicating liquor. Secondly we note said arguments were adduced from inferences drawn from the State's testimony as the defense did not present testimony. Finally we note that the above statement refers to defense not offering any evidence. Such a statement does not specifically refer to the defendant not testifying in his own behalf. Consequently this argument is predicated upon facts and circumstances surrounding the trial and invited by inferences created by defense counsel in his closing arguments. For this reason we find the statements a fair comment upon the evidence adduced at the trial and fair rebuttal to statements made to defense counsel's arguments. It is a well settled rule in this jurisdiction wide latitude is provided counsel in making closing arguments. See, Noble v. State, Okl.Cr., 497 P.2d 452 (1972). For this reason we find that this argument under this proposition is without merit as the comment interpreted in light of the entire record does not constitute a prohibited comment on defendant's failure to testify.

■ Defense counsel next urges in his second proposition that the State was improperly permitted to lead a State's witness. We have studied the testimony set forth in defendant's brief at pages 28 and 29 of the transcript of trial. That testimony reads as follows:

"(By Mr. Puckett) Q. What first caused you to suspect that he was under the influence?

"A. The first thing that I noticed that caused me to suspect it was the odor of the alcoholic beverage coming from the interior of the car when I first approached it and asked him for his driver's license.

"Q. Now, did his erratic driving have anything to do with it?

"A. Not necessarily.

"Q. Was it that put together with the—

"MR. HESTER: This is a leading question.

"THE COURT: It will be overruled and you may answer.

"THE WITNESS: Yes, the combination of his driving and the odor on his breath and everything else." (Tr. 28–29)

We observe the form of the questioning in the above quoted testimony is improper. We further note, however, that even though the questioning is improper we cannot in light of the entire record find defendant would be prejudiced by the questioning. Unquestionably the evidence was admissible evidence. Even though the questions propounded by the prosecutor were not of the proper form, defendant was not prejudiced by the answers presented. For this reason we find the above error to be harmless error and within the purview of 20 O.S.1971, § 3001, the harmless error statute. For this reason we find this proposition of error to be without merit.

Defense counsel next urges that the trial court prejudiced defendant by restricting his cross-examination of a prosecuting witness. The pertinent portion of the cross-examination reads as follows:

"Q. Officer, you took the Defendant to the Station House as you said and booked him. At the time of the booking did you advise the Defendant of the right that he might have to take a scientific test of any kind?

"A. Yes, I did.

"Q. How did you advise him of that?

"A. I read it from the same card that I read his rights from.

"Q. From the Miranda Card that you just read?

"A. Yes.

"Q. And did you then in fact advise him that he had a right to take a blood or breath test?

"MR. PUCKETT: If it please the Court, this is beyond the scope of re-direct.

"MR. HESTER: Your Honor, he mentioned he had taken him down to the Station House and booked him. I think we should be allowed to inquire as to what happened there.

"MR. PUCKETT: This is irrelevant and immaterial.

"THE COURT: This will be overruled. You will be allowed an exception. You may answer.

"THE WITNESS: Now, what was the question?

"Q. (By Mr. Hester) The question was, how did you indicate to him that he had the right to a blood or breath test?

"A. I read it from a card.

"Q. All right. What was the Defendant's response to that?

"A. He stated that he would take a test if it could be given by his Doctor.

"Q. All right. Did he at any time request that he have an Attorney present?

"A. Yes.

"Q. Then, did you in fact call his Attorney?

"A. No.

"Q. Why didn't you call his Attorney?

"A. Because he's not entitled to have an Attorney present during the blood test.

"Q. This was after you read to him from the Miranda card, is that correct?

"A. Yes.

"Q. On the Miranda card it states, does it not, that you have a right to have an Attorney present?

"A. During any questioning.

"Q. You had read him the Miranda Card and then you stated he had a right to a blood or breath test, is that correct?

"A. No.

"MR. PUCKETT: We object, this is a question of Law that the Witness is not qualified on. It's up to Your Honor to state what the Law is.

"(Whereupon, at this point proceedings were had off the record, after which time the following proceedings were had outside the hearing of the Jury but on the record, to-wit:)

"MR. HESTER: Comes now the Defendant and offers as proof the following question to be propounded to Officer Frank Abernathy. Question Officer, did you refuse the Defendant the right to take the blood or breath test based on the Defendant's insistence that he have an Attorney present at the time that the blood or breath test was given. We anticipate that the Officer's statement would be to the effect that, to the effect that the Defendant insisted on having his Attorney present at the time of the blood or breath test, such case would not be allowed. Inasmuch as it's not permissable (sic) under the laws of the State of Oklahoma." (Tr. 46-49)

Following the above testimony the trial court sustained an objection by the prosecutor and defendant's offer was denied.

▬▬ First of all we note that adducing evidence of denial of taking a blood alcohol content test is error. See Jackson v. State, Okl.Cr., 397 P.2d 920 (1965); Morris v. State, Okl.Cr., 497 P.2d 1108 (1972). We note, however, that this evidence was presented to the jury upon the insistence of counsel. We have previously held, without objection to the admission of the denial to take the test, counsel waived this assignment of error on appeal. See Tilley v. State, Okl.Cr., 511 P.2d 586 (1973). Defense counsel, eliciting said testimony on examination, places the instant case within the above cited waiver rule.

The substance of counsel's argument in this proposition is that trial court's denying him permission to pursue the matter under the offer of proof he made at the trial restricted his cross-examination consequently denying the jury consideration of evidence which would be in favor of defendant. After studying the offer of proof in detail we observe the evidence offered was outside the scope of the evidence adduced on direct examination. It did not tend to impeach the testimony of the officer. It, therefore, was within the discretion of the trial court to permit or restrict this line of questioning. It is not the duty of a trial judge to allow the defense to establish its defense through cross-examination of State's witnesses when the area of inquiry on cross-examination does not challenge the credibility of the State's witness. We will not indulge in speculation that the evidence offered would discredit the officer's conclusion that defendant was intoxicated. For this reason we find the proposition to be without merit.

Judgment and sentence is affirmed.

BUSSEY, J., concurs.

BRETT, J., concurs in results.