**David L. MATHES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–515.**

Court of Criminal Appeals of Oklahoma.

July 14, 1976.

Clair W. Yon and Gary L. Brooks, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Mary Ann Karns, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, David L. Mathes, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–74–3114, for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, Second and Subsequent Offense, in violation of 47 O.S.1971, § 11–902. His punishment was fixed at a term of five (5) years' imprisonment and a fine in the amount of Seven Hundred and Fifty ($750.00) Dollars, and from said judgment and sentence a timely appeal has been perfected to this Court.

In the first stage of the trial, the first witness to testify for the State was Oklahoma Highway Patrolman Charles Robert Rumble, who testified that on the night of September 15, 1974, at approximately 10:-00 p. m., he and Oklahoma County Deputy Sheriff Gordon Martin were on patrol duty near the intersection of Interstate Highways 240 and 35 in Oklahoma County. They had observed three vehicles parked on the shoulder of an access road to Interstate Highway 35 and went to investigate. The patrolmen parked the patrol vehicle on the shoulder of the access road in front of the three vehicles; the head and taillights were in operation as well as the emergency lights. As Rumble started to exit from the patrol vehicle, it was struck in the rear on the left side by another vehicle which caused the door post to strike the patrolman and throw him back in the car against the steering wheel. He sustained injuries to his left shoulder and leg, and

remained in the patrol vehicle while Deputy Sheriff Martin went to check on the driver of the other vehicle.

Deputy Martin escorted the driver of the vehicle to the patrol car and placed him in the passenger seat. Patrolman Rumble testified that the driver, whom he identified in court as the defendant, sat in the seat holding his face with his hands. He stated that the defendant had blood around his nose, and that there was a strong odor of alcohol about the defendant's person. Approximately 15 minutes after the collision, Patrolman Rumble and the defendant were transported by ambulance to the South Community Hospital.

Deputy Sheriff Gordon Martin of Oklahoma County was the next witness to testify for the State. He testified that after the collision he walked over to the defendant's vehicle and saw the defendant slumped over the steering wheel. The defendant was bleeding from a laceration over his right eye. He also testified that when he spoke to the defendant, the defendant appeared to be uncertain of what was going on and there was a strong odor of alcohol on his breath. The defendant's speech was slurred and he required the assistance of the deputy to walk to the patrol car.

Deputy Martin further testified that based upon his experience as Oklahoma County jailer, in which capacity he had observed numerous persons whom he felt to be under the influence of intoxicating liquor, and his observations of the defendant, it was his opinion that the defendant was intoxicated at the time of the collision.

Deputy Martin also testified that prior to the collision he had observed the defendant's vehicle as it came off an exit ramp onto the access road where he and Patrolman Rumble were traveling on their way to investigate the three parked vehicles. The defendant failed to yield as he drove onto the access road and missed colliding with the patrol car by one or one and a half feet. It was only moments after this incident that the defendant's car collided with the patrol car.

Further testimony by the deputy revealed that it had been raining throughout the day and at the time of the collision a light rain was falling.

The last witness to testify for the State in the first stage of the proceeding was Oklahoma Highway Patrolman Mike LaPuzza. He testified that on the night in question he was called to investigate the collision between the defendant's vehicle and the patrol vehicle. Based upon the damage to the two vehicles, he estimated that the defendant's vehicle had been traveling at 35 to 40 miles an hour at the time of impact. He also indicated that the patrol vehicle had traveled approximately 15 feet after the impact.

Upon completion of his investigation at the accident scene, Patrolman LaPuzza went to the South Community Hospital where he talked with Patrolman Rumble and questioned him as to the circumstances surrounding the accident. He then went to the emergency room where the defendant was being treated and thereupon advised the defendant that he was under arrest for driving while under the influence of intoxicating liquor, read him his Miranda rights and informed him of the provisions of the implied consent law. He stated that the defendant refused to submit to a blood alcohol test.

The patrolman testified concerning the appearance of the defendant at the hospital and stated that he had an injury to his right eye, that his movements seemed to be slower than normal, his speech was slurred and there was an odor of alcohol about his person. In the patrolman's opinion the defendant was "extremely intoxicated," rather than behaving in an irregular manner because of the head injury.

Following the testimony of this witness, the State rested and the defendant did not present any evidence or himself testify.

In the second stage of the proceedings, two judgments and sentences were introduced into evidence showing that on two separate and previous occasions the defendant had been convicted of driving while under the influence of intoxicating liquor and driving while under the influence of intoxicating liquor after former conviction of driving while under the influence of intoxicating liquor. Docket sheets appurtenant to the two former convictions were also introduced into evidence, revealing that the defendant had been represented by counsel in the prior proceedings.

Ronald E. Mills of the Oklahoma City Police Department testified that he had arrested the defendant in the prior case that led to his conviction of driving while under the influence of intoxicating liquor, after former conviction of driving while under the influence of intoxicating liquor. He identified the defendant as the man he had arrested on such previous occasion. Following the instructions by the court and argument by counsel, the jury fixed the defendant's punishment at five (5) years' imprisonment and a fine of Seven Hundred and Fifty ($750.00) Dollars.

The defendant presents six assignments of error, and in the first it is contended that the District Court erred in summarily overruling defendant's motion to suppress, to quash, to reconsider, for continuance and demurrer without an opportunity to present evidence or legal argument. An examination of the record reveals that in the preliminary hearing the defendant demurred to the evidence of the State and moved to suppress the testimony of Patrolman LaPuzza, alleging that the arrest of the defendant was illegal. The demurrer and motion to suppress were overruled. Subsequent to the preliminary hearing, defendant filed a motion to quash and demur and a motion to suppress. In the motion to quash the defendant requested a hearing to offer evidence in support of such motion and demurrer. On the same day of the filing of these motions the District Judge, by memorandum, overruled all of the motions of the defendant. An entry in the docket sheet also reflects that all the defendant's motions were overruled. Subsequently, the

defendant filed a motion to reconsider and requested oral argument on said motions. The docket sheet shows that the motion to reconsider was overruled. Next, the defendant filed a motion to dismiss. In the judge's chambers, prior to the trial, the motion to dismiss was argued and overruled. The defendant moved for a continuance and it was also denied. A motion to suppress was argued and it too was overruled.

From this lengthy presentation of the motions presented by the defendant, it is clear that he had ample opportunity to present his objections to the information, evidence against him, and the alleged illegal arrest by Patrolman LaPuzza.

■ Concerning the motion to quash being summarily overruled and denying the defendant an opportunity to present evidence, we do not consider this issue because the defendant did not comply with the verification requirements of 22 O.S.1971, § 494. The law is well established that if a motion to quash does not allege that the defendant is in good faith or if such motion is not verified, the Court has no alternative but to hold that the unverified motion is not properly before the Court. *Mahan v. State,* Okl.Cr., 508 P.2d 703 (1973), *Nichols v. State,* Okl.Cr., 418 P.2d 77 (1966).

■ In regard to the demurrer, we find no error in the District Court's action of overruling it. Title 22 O.S.1971, § 507, provides that if the Court sustains or overrules a demurrer, it must enter an order upon the minutes to that effect. As we noted above, the record shows that the District Court filed a memorandum overruling defendant's demurrer and there is an entry in the docket sheet to the same effect.

Considering all of the above, we find no prejudice to the rights of the defendant concerning his pretrial motions and, therefore, we find this assignment of error to be without merit.

In his second assignment of error, the defendant contends there is error in over-ruling the motion to suppress and to strike the testimony of Patrolman LaPuzza at the preliminary hearing and trial because the arrest of the defendant by said patrolman was illegal. The defendant contends that arrest was illegal because it was for a misdemeanor not committed in the patrolman's presence and was made without a warrant at night. On this basis, the defendant asserts that any evidence obtained by the illegal arrest, including observations of the defendant's appearance and his alleged state of intoxication, was inadmissible.

■ It is clear that Patrolman LaPuzza had no authority under 22 O.S.Supp.1975, § 196, to arrest the defendant for a misdemeanor not committed in his presence. He did not have a warrant to arrest the defendant, he did not see the accident occur and he did not have any reason to believe that the defendant had committed a felony. Nevertheless, it is established law that the fact that an original arrest may have been unlawful does not affect the jurisdiction of the court, and it does not preclude trial of the accused for the offense. *Harrison v. State,* Okl.Cr., 461 P.2d 1007 (1969); *Walters v. State,* Okl.Cr., 403 P.2d 267 (1965).

To support his contention that the testimony of Patrolman LaPuzza was inadmissible because of the illegal arrest, the defendant presents authorities which pertain to search and seizure. These authorities generally stand for the proposition that visual observations may constitute the fruits of an unreasonable search and seizure and are, therefore, inadmissible. However, there is not a search and seizure question in the case at bar and the defendant's authorities in this regard are not applicable.

■ We are of the opinion that the question involved herein is analogous to the one that was presented in the case of *Hoskins v. State,* Okl.Cr., 286 P.2d 293 (1955). In that case a State highway patrolman was called to the scene of an accident by city police officers. When he arrived the patrolman observed that a vehicle had skidded off the road into a ditch and the driver was still inside. When the

driver exited the vehicle the patrolman saw that he was intoxicated. The patrolman arrested the driver for operating a vehicle while under the influence of intoxicating liquor. In deciding the case, the court stated that no search was involved, and that the officers were at a place where they had a right to be when they obtained the evidence which the defendant claimed was inadmissible because of the illegal arrest. The court's holding, as stated in Syllabi numbers one and two, was that:

"1. Any evidence discovered by an officer when he is in a place where he has a legal right to be, is admissible in evidence to support a charge where such evidence would be involved.

"2. The mere fact of the illegality of an arrest, as where an officer makes an arrest without a warrant for a misdemeanor not committed in his presence, cannot render inadmissible evidence obtained at the time of such arrest, providing such evidence is otherwise admissible."

Patrolman LaPuzza had the responsibility of investigating the accident between the defendant's vehicle and the patrol vehicle, and thus had a valid reason to be at the hospital. After making his investigation at the scene of the accident, it was a logical part of his investigatory duty to interview Patrolman Rumble and the defendant at the hospital. While interviewing the defendant, the patrolman surmised that he was "extremely intoxicated." Under these circumstances, LaPuzza was competent to testify as to the condition of the defendant during the hospital interview, and although the arrest may be deemed illegal such fact did not render inadmissible his observation of the defendant's condition as they "support a charge where such evidence would be involved."

We next consider the defendant's third assignment of error wherein it is contended that the verdict is not supported by sufficient evidence. The defendant argues that there was no direct evidence presented by the State that the defendant was under the influence of intoxicating liquor, and that the evidence offered by the State was circumstantial and inadequate to sustain the conviction. The defendant also urges consideration of the fact of his head injury as an explanation of his behavior.

In Oklahoma the rule is that where there is sufficient evidence, although circumstantial, from which the jury may reasonably and logically find the defendant guilty, the weight, credibility and probative effect of such evidence is for the jury, and the Court of Criminal Appeals will not disturb the verdict for insufficiency of the evidence. *Owens v. State,* Okl.Cr., 438 P.2d 21 (1968). And, as in the case at bar, circumstantial evidence can be used to establish that the defendant was the driver of the vehicle and that he was driving while under the influence of intoxicating liquor. *Lytle v. State,* Okl.Cr., 299 P.2d 175 (1956).

Based upon the circumstances involving the accident herein, we are of the opinion that the evidence was sufficient for the jury to reasonably and logically find the defendant guilty of driving while under the influence of intoxicating liquor. There is evidence that the defendant was alone in the car, showing that he was the operator of the vehicle. In regard to the accident, there is evidence to show that the patrol vehicle was parked off of the access road, its head and taillights as well as its emergency lights were in operation, and that the defendant's vehicle collided with the parked patrol vehicle while traveling at a speed of approximately 35 to 40 miles an hour.

As to the defendant's being under the influence, there is the testimony of two law enforcement officers who observed the defendant at the scene of the accident. They both testified that there was a strong odor of alcohol about the defendant's person. Also, Deputy Martin testified that the defendant appeared to be uncertain of what was going on, his speech was slurred, and he needed assistance to walk from his

vehicle to the patrol vehicle. There is the further testimony of Deputy Martin that moments before the accident he observed the defendant's vehicle fail to yield as he drove onto the access road, avoiding collision with the patrol vehicle by one or one and a half feet. There is also the testimony of Patrolman LaPuzza that he observed the defendant approximately 90 minutes after the accident, in the hospital, and in his opinion the defendant was extremely intoxicated at this time. His opinion was based upon the slurred speech of the defendant and the odor of alcohol about his person. The jury also had before it the fact that the defendant refused to submit to a blood alcohol test.[1]

In regard to the head injury sustained by the defendant as a factor in explaining his behavior, we note that the record only contains the testimony of the three law enforcement officers as to the extent of the injury. All three observed and related that

---

[1]. Although no error is assigned in this regard, we deem it necessary to show why this fact was before the jury, in light of the Oklahoma Case Law which holds that it is reversible error to permit evidence that a defendant charged with Driving While Under the Influence of Intoxicating Liquor had refused to take a sobriety test. See *Morris v. State*, Okl.Cr., 497 P.2d 1108, 1972.

It was brought out that the defendant refused to submit to a sobriety test during redirect examination of Patrolman LaPuzza. The record at pages 112–114 reveals the following:

"BY MR. PUCKETT:

"Q. Defense counsel in cross-examining you before lunch asked you if it wasn't true that if a chemical test on a man would be the best evidence or good evidence that he was under the influence of intoxicating liquor, and I believe your answer was "Yes".

"A. Yes. Most accurate.

\*　　\*　　\*　　\*　　\*

"Q. Well, let me ask you if on this occasion on the 15th of September, 1974, if any type of chemical test for the purpose of determining blood alcohol concentration was given to the defendant in this case?

"A. No, it wasn't.

\*　　\*　　\*　　\*　　\*

"Q. And would you, for the benefit of the jury, because I believe they are entitled to know this since defense counsel brought it up, would you tell them why there was not a test given?

"A. There was a refusal on the defendant's part to submit to one.

"Q. He does have this right under Oklahoma Law; is that correct?

"A. Yes, sir.

"Q. And he exercised those rights; is this correct?

"A. Yes, sir, that's correct.

"MR. YON: To which, Your Honor, I would object to that line of testimony and ask that it be stricken.

"THE COURT: Objection overruled. Testimony stays in the record.

\*　　\*　　\*　　\*　　\*

"MR. YON: Further make an objection on the part of the defendant, David L. Mathes, that this would be part of the fruits of the poison tree doctrine in that this Officer, if he made an illegal arrest, did not have a right to ask him anything.

"THE COURT: Overruled."

The record further reveals that this testimony was invited by defense counsel during cross-examination of Patrolman LaPuzza; at page 102 there is the following:

"Q. Officer, I believe we now have a more competent system to determine whether somebody is intoxicated, don't we?

"A. Than opinion?

"Q. Yes, sir.

"A. As compared to what, sir?

"Q. A drunk meter, a blood test or what have you?

"A. Yes, sir. Yes, sir, that is what is required by the Implied Consent Law of the State of Oklahoma.

"Q. Yes, sir. Now, your—going to your experience and what have you, isn't this the best way to determine whether a person is intoxicated or not is for the State or *someone to give him a breath test?*

"A. It's the most accurate way of taking measurement of the blood alcohol concentration.

"Q. Isn't it true in fact that observation alone, due to the pathological reasons, which are more than sixty, could prevent an officer or could cause an officer to be totally wrong about a person's intoxication?

"A. It would all depend upon mitigating circumstances in situations."

It can be seen that defense counsel's objection on redirect examination did not go to the impropriety of testimony concerning the defendant's refusal to take a sobriety test, and, that the questioning of the patrolman on cross-examination invited the redirect examination by the prosecutor to clarify this matter before the jury.

the defendant had a cut above his eye. There is no further evidence to show the seriousness of the injury for the purpose of creating a reasonable doubt that the defendant's behavior was attributable to the head injury rather than his being under the influence of intoxicating liquor.

■ Further, in his third assignment of error, the defendant contends that in the second stage of the proceedings the evidence was insufficient to prove he was previously convicted of operating a motor vehicle while under the influence of intoxicating liquor in Case No. CRM–73–1267. In the second stage evidence was presented that the defendant had been convicted of two previous offenses of driving while intoxicated. Defendant is correct in asserting that the State failed to prove he was a defendant in one of the cases, CRM–73–1267. However, the State did present sufficient evidence to identify the defendant in the other case, CRF–74–286. It is only necessary, as the defendant concedes, to prove one former conviction in order to enhance the punishment in a subsequent conviction and, therefore, it is not reversible error that the State failed to prove the identity of the defendant in Case No. CRM–73–1267.

In his fourth assignment of error the defendant presents another argument in regard to the State's failure to identify him as the defendant in Case No. CRM–73–1267. He asserts that his former conviction was not introduced in good faith and was designed to inflame the jury. In light of our previous remarks connected with this contention of the defendant, and in examining the record in this regard, we do not find any prejudice to the defendant.

The defendant's other contention in his fourth assignment of error is that the trial court erred in admitting certain prejudicial and inflammatory evidence. This contention is not supported by any authorities and will not be considered. This Court has stated on many occasions that where a

defendant's contentions are not supported by authorities, and a defendant has been deprived of no fundamental rights, the Court will not search for authorities to support the mere assertion that the trial court erred. See, *Sandefur v. State,* Okl. Cr., 461 P.2d 954 (1969).

The defendant's fifth and sixth assignments of error pertain to the instructions given and the failure to include to certain instructions. In his fifth assignment of error, defendant contends the trial court erred in not giving defense counsel an opportunity to examine the instructions given, and in failing to give defense counsel the opportunity to settle the instructions prior to charging the jury. Defendant contends that the trial court erred in this regard in both stages of the proceeding.

The transcript of the first stage shows that after the instructions had been given to the jury and after the jury retired to deliberate its verdict, defense counsel objected to the instructions because there was no instruction on circumstantial evidence. The judge overruled the objection stating that he had not received proposed instructions from defense counsel. Defense counsel further argues that the court instructions which he reviewed and approved before the trial contained an instruction on circumstantial evidence, but there was no such instruction given to the jury. In the second stage of the proceedings defense counsel did not object to the instructions to the jury.

We have before us the transcript of the defendant's motion for new trial argued in the trial judge's chambers. Therein defense counsel again asserted that the trial court, in the first stage, had not allowed him the opportunity to review the instructions given to the jury and argued that an instruction on circumstantial evidence should have been given. The trial judge overruled the defendant's motion for a new trial on this point and others not pertinent to this discussion.

In 22 O.S.1971, § 831, the following is set out in regard to the settlement of instructions:

"5. When the evidence is concluded, the attorneys for the prosecution may submit to the court written instructions. If the questions of law involved in the instructions are to be argued, the court shall direct the jury to withdraw during the argument, and after the argument, must settle the instructions, and may give or refuse any instructions asked, or may modify the same as he deems the law to be. Instructions refused shall be marked in writing by the judge, if modified, modification shall be shown in the instruction. When the instructions are thus settled, the jury, if sent out, shall be recalled and the court shall thereupon read the instructions to the jury."

Where the accused is prosecuted as a second or subsequent offender, the instructions to be read to the jury must be settled at the conclusion of the presentation of evidence, and at both stages of the trial. *Wilson v. State,* Okl.Cr., 403 P.2d 262 (1965). Settlement means that counsel should have an opportunity to offer his suggestions to the trial court with reference to the instructions given, and make objections to any instruction which he may deem to be injurious to the rights of his client. *Fowler v. State,* 8 Okl.Cr. 130, 126 P. 831 (1912).

Although the record is not clear as to settlement of instructions, we feel in light of the facts presented that defense counsel had a fair opportunity to examine the instructions given. He also had the opportunity to offer instructions to the trial court (which he failed to do), and the opportunity to make objections to the instructions (which he did, but in an untimely manner).

We next consider the failure of defense counsel to offer instructions to the trial court. In *Skinner v. State,* Okl.Cr., 439 P.2d 962 (1968), the following rule is stated in Syllabus number two of the Court:

"If the counsel is dissatisfied with instructions given, or desires court to give particular instruction, or more definitely or sufficiently state any propositions embraced in instructions, it is counsel's duty to prepare and present to court such desired instruction and request that it be given. Counsel should then take exceptions to any failure of the court to give said requested instruction."

This Court also maintains the position that in the absence of requested instruction, a case will not be reversed if the instructions given generally cover the subject matter of inquiry. *Moreau v. State,* Okl.Cr., 530 P.2d 1061 (1975).

In addition to the fact that defense counsel failed to offer instructions to the court, we emphasize the fact that there was no timely objection made to the instructions given by the court. Defense counsel did not object to the instructions until after the jury had retired to deliberate its verdict. Taking these two factors into account, we are of the opinion that any objections to the settlement of the instructions given was waived. See, *Wolf v. State,* Okl.Cr., 375 P.2d 283 (1962); and *Meekins v. State,* Okl.Cr., 420 P.2d 267 (1966). Considering the fact there was no objection to the instructions in the second stage of the proceeding, such can also be deemed to have been waived. Therefore, for all the reasons we have presented, we find the defendant's fifth assignment of error to be without merit.

In his sixth and final assignment of error the defendant contends that the trial court should have instructed the jury on circumstantial evidence and on the lesser included offense of reckless driving. Defendant relies upon *Stephens v. State,* Okl.Cr., 285 P.2d 467 (1955); however, it is not applicable as it is based upon the refusal of the trial court to give a *requested* instruction on circumstantial evidence. It is to be remembered that in the case at bar defense counsel did not of-

fer any requested instructions. And, where no requested instruction on a given point of law was submitted this Court will examine the trial court's failure to instruct on that point of law only for fundamental error. *Stuart v. State,* Okl.Cr., 522 P.2d 288 (1974). After an examination of the record, we are of the opinion that there was no fundamental error concerning the trial court's failure to instruct on circumstantial evidence or the offense of reckless driving, and the instructions given were sufficient according to the evidence.

Defendant presents a further contention as to the instructions given in the second stage of the proceedings, but we have previously noted that there was no objection to these instructions, therefore, the objection is deemed to be waived. *Wolf,* supra.

For all the above and foregoing reasons, the judgment and sentence appealed from is *AFFIRMED*.

BRETT, P. J., concurs in results.

BLISS, J., concurs.