James Robert HARRIS, Appellant,

v.

The CITY OF TULSA, Appellee.

No. M–78–415.

Court of Criminal Appeals of Oklahoma.

Jan. 22, 1979.

Jeffrey D. Fischer, Tulsa, for appellant.

Waldo F. Bales, City Atty., Gerald W. Wright, Asst. City Atty., Tulsa, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, James Robert Harris, hereinafter referred to as defendant, was charged with the offense of Driving While Under the Influence of Intoxicating Liquor, in violation of 37 Tulsa, Okla., Rev. Ordinance, ch. 6, § 275, ¶ A. The jury returned a verdict of guilty with punishment fixed at twenty (20) days in the City jail and a fine of Two Hundred ($200.00) Dollars. From that judgment and sentence, the defendant has filed this timely appeal.

At trial both parties gave opening statements, the City presented evidence, and both parties rested. During the course of his opening statement, the Assistant City Prosecutor indicated that he intended his proof to conform to the charges specified in the information. Counsel for the defendant in his opening statement, stated a belief that the evidence would show the defendant was a passenger in the vehicle and had consumed some beer but at no time was the operator of the vehicle.

Elverez Garland Allen, a resident of the City of Tulsa, and Officer Joe Carlile, a police officer with the City of Tulsa, were the two principal witnesses on behalf of the City. Mr. Allen testified that on February 11, 1978, at approximately 9:00 p. m., he was in his home and heard a loud noise. He looked out his window and saw a pickup truck in the middle of the intersection. He then went to his telephone and reported the accident to the police and then went out to the truck. He further testified that it took some three or four minutes for him to get to the truck, where he observed that the front end of the pickup had been caved in and that the telephone pole on the corner had been severed and was hanging by the wires. Mr. Allen testified that when he got to the truck he saw the defendant sitting behind the wheel. He testified that the defendant slid out the passenger side, went to the front of the truck, and asked what he had hit. The witness noticed an odor of alcohol about the defendant, and various other symptoms of the defendant's conduct led him to believe that the defendant was intoxicated. Mr. Allen stated that the defendant left the scene of the accident and that he saw him later that evening in police custody.

Officer Carlile testified that he was on duty that night when he received an accident with injury call about 9:00 p. m., and that he responded within two to three minutes of receiving it. He then testified that he notice a pickup truck and broken pole. The officer secured a description of the occupant of the truck and left another officer at the scene while he left the scene in his patrol car and searched for the occupant. Two houses away from the scene of the accident Officer Carlile observed a person fitting the description staggering and walking with an unsteady gait. The officer drove past this location, returned from another direction and turned on the car's spotlight. The officer observed the defendant between two houses, leaning on a fence gate.

At that point the court, on its own motion, sequestered the jury and conducted an evidentiary hearing to determine the admissibility of Officer Carlile's post-arrest testimony in light of 22 O.S. 1978, § 196. During the evidentiary hearing the witness testified that he attempted to talk the defendant into coming back to the scene with him, but the defendant declined. The officer further testified that he observed various indicia of intoxication about the defendant, which led him to believe the defendant was intoxicated. He arrested defendant for public drunkenness. The determination to charge the defendant with driving while under the influence of intoxicating liquor was made after the defendant had been arrested, transported back to the scene, and identified as the occupant of the vehicle. The court ruled to suppress any evidence coming to the officer's attention after the arrest for public drunkenness on the ground that the arrest was really made to accommodate a subsequent identification of the defendant. Officer Carlile was then permitted to testify before the jury as to the circumstances of the arrest for public drunk.

At the conclusion of the State's case, defendant's counsel demurred to the evidence, moved for a directed verdict of acquittal and moved for dismissal, all for reasons of insufficiency of evidence. All of the motions were overruled and the defense rested.

The defendant's first assignment of error is an assertion that the trial judge erred in overruling the defendant's demurrer to the evidence, motion for directed verdict of an acquittal and motion to dismiss upon the completion of the City's case in chief. The defendant relies principally upon *Bearden v. State*, Okl.Cr., 430 P.2d 844 (1967), in which the defendant was convicted of the offense of intentionally, wilfully and unlawfully driving, operating and being in actual physical control of a motor vehicle while under the influence of intoxicating liquor. This Court held that the defendant, who was found lying outside a pickup truck about one-half hour after the accident by a police officer who put the defendant back in the pickup, and who had not been seen by anyone operating the vehicle, was not "in

actual physical control" of the vehicle within the meaning of the statute. *Bearden* is clearly distinguishable on its face from the case at bar. In the instant case, Mr. Allen testified that at the time in question, he heard a loud noise, looked out the window and saw a pickup truck in the intersection. He then called the police to report the accident and then left his home to investigate the accident within three to four minutes of hearing the noise. Mr. Allen then described the condition of the vehicle and a telephone pole damaged at the intersection. He found the defendant on the driver's side of the vehicle, behind the wheel. Mr. Allen stated that the door on the driver's side was jammed and could not be opened, and that the defendant then slid to the passenger side to exit the vehicle. On cross-examination, Mr. Allen further testified that there were between 15 and 20 people at the scene and that he recognized all of the adults present around the vehicle. He stated that he never saw anyone walk away from the truck with the exception of the defendant. Also, Mr. Allen testified that the defendant, after exiting the truck, asked Mr. Allen what had he hit.

A criminal case may be proved circumstantially and the reasonable inferences drawn from circumstantial evidence have the same probative effect as does direct testimony. Circumstantial evidence need not exclude every hypothesis or negate any possibility other than guilt. *Luker v. State*, Okl.Cr., 552 P.2d 715 (1976); *Collins v. State*, Okl.Cr., 561 P.2d 1373 (1976); *Agee v. State*, Okl.Cr., 562 P.2d 913 (1977); *Hardy v. State*, Okl.Cr., 562 P.2d 943 (1977). Further, this Court has held that circumstantial evidence could be used to establish that the defendant was the driver of the vehicle and that he was driving while under the influence of intoxicating liquor. *Mathes v. State*, Okl.Cr., 552 P.2d 415 (1976). And where there is evidence, although entirely circumstantial, from which the jury may reasonably and logically find the defendant guilty, the weight, credibility and probative effect of such evidence is for the jury, and the Court of Criminal Appeals will not disturb the verdict for insufficiency of the evidence. *Luker v. State, supra*; *Mathes v. State, supra*; *Fain v. State*, Okl. Cr., 551 P.2d 1140 (1976). There was ample evidence on which the jury could base its verdict in the instant case, and we find the defendant's first assignment of error to be without merit.

The defendant's second assignment of error is that the court committed error in refusing to give his requested instruction on the offense of public intoxication. The requested instruction was:

"You are hereby instructed that any person who shall be drunk or intoxicated in or upon any public or private road, or any public place or building or at any public gathering, from drinking or consuming any intoxicating liquor shall be guilty of an offense and, upon conviction, shall be punished by a fine of not less than Ten dollars ($10.00) nor more than Fifty dollars ($50.00)."

The basis for the requested instruction is 27 Tulsa, Okla., Rev. Ordinances, ch. 7, § 171, "Public Intoxication," which provides, "It shall be an offense for any person to be drunk or in a state of intoxication in any street, avenue, alley, park or other place open to the public." Upon conviction, punishment is by a fine of not more than $50.00, including costs.

The offense for which the defendant was charged, tried and convicted is Driving Under the Influence of Intoxicating Liquor, 37 Tulsa, Okla., Rev. Ordinance, ch. 6, § 275, ¶ A, which provides, "It shall be an offense for any person who is under the influence of intoxicating liquor to drive, operate or be in actual physical control of any vehicle." Upon conviction, punishment is by imprisonment in the City jail for a period of not less than ten (10) days, nor more than ninety (90) days and a fine of not more than Three Hundred ($300.00) Dollars, excluding costs.

Under the Tulsa Municipal Code, the City need only establish that (1) the defendant drove, operated or was in actual physical control of a motor vehicle within the City of Tulsa, and (2) that while the defendant so

drove, operated or was in actual physical control of a motor vehicle, he was under the influence of intoxicating liquor. In order to prove the offense of public intoxication, the City must prove (1) the defendant was drunk or in a state of intoxication, and (2) that while so drunk or intoxicated the defendant was in a street, avenue, alley, park or other place open to the public.

*Stevison v. State*, Okl.Cr., 449 P.2d 916 (1969), in construing almost identical offenses, found that the elements necessary to prove the offense of public drunkenness are not elements necessary to be proven for the offense of operating a motor vehicle while under the influence of intoxicating liquor. The Court cited with approval *King v. State*, Okl.Cr., 305 P.2d 589 (1956), wherein the following language was used in the second paragraph of the Syllabus as follows, in part:

"In order to convict an accused charged with 'operating a motor vehicle upon a public highway while under the influence of intoxicating liquor' it is not required that the jury find that the accused was intoxicated or drunk, but only that such driver be 'under the influence of intoxicating liquor'; . . ."

Therefore, following *Stevison v. State, supra*, we find that under the Tulsa Municipal Code the offense of Public Intoxication is not a necessary included offense of Driving Under the Influence of Intoxicating Liquor and that the trial court properly rejected the defendant's requested instruction. And while the trial court is under an obligation to instruct the jury on any material issues raised by the evidence introduced at trial, the court need not give the jury instructions on every theory of defense possible, or every theory proposed by the defense. Only where evidence has been introduced which may tend to support the proposed theory is the court under an obligation to instruct the jury on that theory. *Carter v. State*, Okl.Cr., 560 P.2d 994 (1977).

For the reasons stated herein, the judgment and sentence is AFFIRMED.

CORNISH, P. J., concurs in results.

BRETT, J., concurs.