**Theri BROWN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–79–527.**

Court of Criminal Appeals of Oklahoma.

April 23, 1980.

A. Clark Jett, Wright, Dale & Jett, Guymon, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., William Brad Heckenkemper, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

On appeal from a conviction for Unlawfully Concealing Encumbered Property in Texas County District Court Case No. CRF–78–269, wherein punishment was set at three (3) years' imprisonment with two (2) years suspended, appellant Theri Brown, hereinafter referred to as defendant, argues as his single assignment of error that the evidence was insufficient to support the verdict.

This assignment of error is without merit. The undisputed evidence at trial established the following: On April 5, 1978, defendant executed a note and security agreement in connection with a loan of $6,301.08 from the First National Bank of Guymon, Oklahoma. By the terms of the security agreement, the collateral for the loan, four trailer-type vehicles, were to remain at their location, as represented by defendant, with named individuals in the El Reno, Oklahoma, area. However, upon expiration of an extension of the note on October 29, 1978, and nonpayment by defendant the collateral could not be found, the named individuals being apparently non-existent. When defendant

was subsequently located, he gave, in turn, three successive locations for the collateral, but search by bank investigators proved fruitless. Defendant's testimony did not dispute the above, but he contended that he had not seen the collateral since executing the note, and the location information he supplied the bank was given him by his employees.

Clearly, the evidence, although circumstantial, amply supported the verdict of the jury and meets the standard for testing the sufficiency of the evidence set out by this Court in *Harris v. City of Tulsa*, Okl.Cr., 589 P.2d 1082 (1979) as follows:

"A criminal case may be proved circumstantially and the reasonable inferences drawn from circumstantial evidence have the same probative effect as does direct testimony. Circumstantial evidence need not exclude every hypothesis or negate any possibility other than guilt. *Luker v. State*, Okl.Cr., 552 P.2d 715 (1976); *Collins v. State*, Okl.Cr., 561 P.2d 1373 (1976); *Agee v. State*, Okl.Cr., 562 P.2d 913 (1977); *Hardy v. State*, Okl.Cr., 562 P.2d 943 (1977). Further, this Court has held that circumstantial evidence could be used to establish that the defendant was the driver of the vehicle and that he was driving while under the influence of intoxicating liquor. *Mathes v. State*, Okl.Cr., 552 P.2d 415 (1976). And where there is evidence, although entirely circumstantial, from which the jury may reasonably and logically find the defendant guilty, the weight, credibility and probative effect of such evidence is for the jury, and the Court of Criminal Appeals will not disturb the verdict for insufficiency of the evidence. *Luker v. State*, supra; *Mathes v. State*, supra; *Fain v. State*, Okl.Cr., 551 P.2d 1140 (1976). . . ."

The judgment and sentence appealed from is *AFFIRMED*.

CORNISH, P. J., and BRETT, J., concur.